WEINSTEIN, PLAINTIFF-APPELLEE, v. WEINSTEIN, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25694. Decided September 13, 1962.

200

*Messrs. Wallach, DeVinne & Ledsky,* for plaintiff-appellee.
*Mr. Frank K. Levin,* for defendant-appellant.

(Brown, P. J., of the Fourth District, Collier, J., of the Fourth District, and Donahue, J., of the Seventh District, sitting by designation in the Eighth District.)

Brown, P. J.  This is an appeal from a judgment of the Common Pleas Court of Cuyahoga County awarding a divorce to appellee on the grounds of gross neglect of duty and the denial of a motion for a new trial filed thereafter.

This marathon proceeding began when appellee filed her petition for divorce on February 26, 1957.  An answer and cross

petition was filed on April 3, 1957; a supplemental answer was filed in May 1958. Trial commenced on October 19, 1959 and continued until November 9, 1959. Thereafter several motions for mistrial and for judgment for the defendant were made and overruled. On March 18, 1960 trial was resumed and continued until May 9, 1960. On May 9, 1960 the trial was resumed and continued until November 28, 1960. Two more motions for a mistrial were heard and overruled during this period. The trial then resumed on November 28, 1960 and was continued until November 29, 1960. Evidence was further heard on December 27, 28, 1960.

On March 6, 1961 a divorce was granted to plaintiff and a motion for new trial was overruled on May 19, 1961, following which this appeal was undertaken.

As a result, a record, consisting of the bill of exceptions, several depositions and exhibits of well over 2000 pages, is before us for review.

In his notice of appeal appellant stated that the appeal to the Court of Appeals for Cuyahoga County, Eighth Judicial Circuit "is on questions of law; and questions of law and fact". In view of the fact that this proceeding can only be an appeal on questions of law, we will treat the words in the notice "and questions of law and fact" as surplusage and consider this matter as an appeal on questions of law. Appellee's motion to dismiss the appeal on this ground will be overruled.

A total of 14 assignments of error were filed by appellant. They are:

1. The judgment of the Trial Court in not granting defendant's motion for judgment at the close of plaintiff's case is contrary to law.

2. The Court erred in receiving evidence offered by the plaintiff over the objection of defendant.

3. The Trial Court erred in failing to grant defendant's oral motions and written motions for a mistrial made at numerous occasions throughout the trial which lasted from October 19, 1959 to final determination on March 6, 1961.

4. That the findings, orders and judgment of the Trial Court are manifestly against the weight of the evidence, and constitute an abuse of judicial discretion.

5. The Court erred in not permitting defendant's counsel

to complete the cross examination of the witness, Edward Wallach; or to permit defendant to call rebuttal witnesses.

6. The Court erred in walking from the Bench and declaring the trial ended before either party had rested, and in refusing to permit either party to call further witnesses, and in failing to permit either party to offer their exhibits into evidence, and in refusing to permit either counsel to conclude the case.

7. The Court erred in proceeding with the trial after settlement negotiations were made known to the Trial Court.

8. The Court erred in determining plaintiff's counsel's fees without any evidence being offered as to fees.

9. The Trial Court erred in permitting plaintiff's counsel during a recess of this trial to file an affidavit containing office notes and records of plaintiff's counsel which were not evidence and which was highly prejudicial to defendant.

10. That the Court erred in overruling defendant's motion for a new trial filed in this action.

11. That the awards made to the plaintiff by the Trial Court are excessive and are an abuse of the Trial Court's discretion.

12. The Court erred in proceeding with the trial after evidence of misconduct of plaintiff's counsel was presented to the Court.

13. For all other errors occuring at the trial and during the recesses of trial to which the defendant objected.

14. The judgment of the Court is contrary to law.

We have carefully read the bill of exceptions and the record. We see no need to recite its sordid details and pathetic story of a mis-matched marriage climaxed with the birth of an unfortunate diabetic child.

Considering assignments of error 1, 3, 4 and 10, we first have resort to Section 3105.10, Revised Code. That section provides in part: "The Court of Common Pleas shall hear any of the causes for divorce charged in the petition and may, upon proof to the satisfaction of the court, pronounce the marriage contract dissolved and both of the parties released from their obligations."

On review we must always keep in mind that this section grants a large measure of discretion in the trial court to determine the sufficiency of the evidence requisite to the granting of a divorce decree. He is the trier of the facts of the case, the

determiner of the credibility of each witness and the weight to be given to the testimony of each, and above all, is the person who saw and heard the witnesses throughout the long period of this trial.

A reviewing court in passing on an assignment of error that a decree of divorce is against the manifest weight of the evidence must keep these considerations in mind and is warranted in setting aside the decree only when the record does not disclose any evidence of a substantial nature which reasonably supports the judgment. *Drusa* v. *Drusa,* 78 Ohio Law Abs., 498, 150 N. E. (2d), 306.

In our opinion this evidence is present in the record together with sufficient corroboration to fulfill the requirements of Section 3105.11, Revised Code. Accordingly, we will overrule these assignments.

The second assignment of error relates to the admission of evidence received over the objection of defendant. One of these was the admission of the deposition of one Barbara James which related acts purporting to have happened after the filing of the divorce petition.

On page 890 of the record the court said in reference to this deposition: The Court—''The court is going to permit the introduction of the deposition for the purpose of determining the fitness of the defendant in so far as the custody of the child is concerned, but the deposition will not be considered by the court in regard to the elements or the grounds for the divorce itself''. In view of the court's own limitation as to the use of the deposition we do not find prejudicial error because of its admission.

We have examined the other evidence asserted to be improperly admitted and considering the same in relation to the liberality granted the trial court in a divorce case, we find no reversible error and overrule this assignment of error.

Assignments of error 5, 6, and 8 relate to the hearing on fees. Our review shows a substantial portion of the record, or over 400 pages, was conducted on this subject. To say the least, the matter was hotly contested between counsel and in view of the acrimony and the time consumption the court terminated proceedings and walked off the bench. While appellant was not permitted to conclude his seemingly interminable interrogation into this matter, we feel that all phases of this subject were

aired and before the court. Under the particular circumstances of this case the limitation of the cross examination and the termination of the hearing on fees is not prejudicial error.

Statutory authority for the granting of the fees is authorized under Section 3105.14, Revised Code.

The general rule in the determination of attorney fees is set forth in 27A C. J. (2d), 985.

"While the court may, and there is some authority to the effect that it must, hear evidence as to the value of services rendered or to be rendered, the general rule is that the court is not required to hear such evidence, nor is such evidence, when tendered, conclusive. The Court may determine from its own experience and the circumstances disclosed by the record the amount to be allowed a wife for the services of counsel and expenses of suit; but in assessing fees, it may not arbitrarily ignore undisputed evidence and findings based thereon."

These assignments are overruled.

The seventh assignment is that the court erred in proceeding with the trial after settlement negotiations were made known to the trial court. Our examination of the record reveals this assignment of error is not well taken and is not in conformity with what transpired at the hearing.

Likewise, the ninth assignment is overruled where a review of the record discloses that the affidavit in question was filed at the request of the court.

Assignment eleven is that the awards made to the plaintiff are excessive and are an abuse of the trial court's discretion.

In *Dennison* v. *Dennison*, 165 Ohio St., 146, 59 Ohio Opinions, 210, the Supreme Court of Ohio held in its syllabus "Under Section 8003.19, General Code (Section 3105.18, Revised Code), the allowance of permanent alimony is left to the sound discretion of the trial court, subject to review by the Court of Appeals upon the questions of the weight of the evidence and abuse of discretion." Based on these criteria, a review of the evidence leaves us no alternative than to overrule this assignment of error.

Assignment twelve relating to the trial court's proceeding after evidence of misconduct of plaintiff's counsel was presented to the court is not germane to this appeal.

Assignment thirteen sets forth miscellaneous errors upon

consideration of which this court finds they are without sufficient substance to warrant a reversal.

Assignment fourteen is without merit.

If ever an accolade is to be urged in this case it is to the trial judge whose patience of Job was tried by antagonistic lawyers to the point of despair on the spearheads of the dollar sign and personal pride of reputation. Conversely for the better administration of justice and the personal welfare of the trial court concerned, let firmness prevail for the orderly dispatch of business.

Accordingly, any pending motions are overruled and the judgment of the Trial Court is affirmed.

Judgment affirmed.

COLLIER, J., and DONAHUE, J., concur.