[Cite as *McBride v. Parker*, 2012-Ohio-2522.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JEFFREY S. McBRIDE | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 122 |
| RANDY J. PARKER | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No.  11 CV 41 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | May 30, 2012 |

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| WILLIAM TRAVIS McINTYRE<br>BROWN, BEMILLER, MURRAY,<br>McINTYRE  & HARING, LLP<br>24 West Third Street, Suite 206<br>Mansfield, Ohio  44902 | MARK LANDES<br>MATTHEW S. TEETOR<br>ISAAC, BRANT, LEDMAN & TEETOR<br>250 East Broad Street, Suite 900<br>Columbus, Ohio  43215 |

*Wise, J.*

{¶1} Appellant Jeffrey S. McBride appeals the December 15, 2011, decision of the Richland County Court of Common Pleas granting Appellee Randy J. Parker's Motion for Judgment on the Pleadings/Motion to Dismiss..

## STATEMENT OF THE FACTS AND CASE

{¶2} Plaintiff-Appellant Jeffrey S. McBride is a sergeant with the Richland County Sheriff's Office (RCSO), having been employed there for many years. McBride was assigned to investigate complaints of child abuse including child sexual abuse on behalf of the Sheriff's Office and Richland County Children's Services (RCCS). McBride's office was located at the RCCS building. McBride, was not, however, an employee of RCCS, but operated pursuant to a contract between the RCSO and RCCS.

{¶3} During the time that McBride was assigned to the investigative position, he came under investigation himself by the RCSO for alleged wrongdoing.

{¶4} After learning of the Sheriff's investigation, Defendant-Appellee Randy J. Parker, the Executive Director of RCCS, requested that the Sheriff assign a different deputy to the duty of investigating child abuse allegations. This request was made in writing by way of a letter from Parker to the RCSO.

{¶5} The Sheriff assigned a new deputy to the investigatory role and re-assigned McBride to road patrol duties. McBride remained employed with the RCSO during all times relevant to this appeal.

{¶6} As a result of such re-assignment, McBride filed a Complaint with Richland County Court of Common Pleas, alleging that Randy Parker defamed him and tortiously interfered with his employment contract.

**{¶7}** In said Complaint, Appellant McBride alleged that Parker published statements that McBride was a disruptive influence on Children Services; that he had inappropriate discussions with Children Services staff; that he was "sloughing" off; and that he was guilty of other dishonest conduct.

**{¶8}** Thereafter, McBride was relieved of his duties at Children's Services and alleged that he lost compensation as a result of the intentional, willful and malicious acts of Parker.

**{¶9}** On July 21, 2011, Appellee Parker filed a Motion for Judgment on the Pleadings and to Dismiss McBride's Complaint.

**{¶10}** By Judgment Entry filed December 15, 2011, the trial court granted Appellee Parker's motion, determining Parker was entitled to immunity pursuant to R.C. §2744.03(A)(6).

**{¶11}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶12}** "I. THE TRIAL COURT ERRED IN GRANTING PARKER'S MOTION FOR JUDGMENT ON THE PLEADINGS IN THE FACE OF A DETAILED COMPLAINT SPECIFICALLY SETTING FORTH ALL OF THE ELEMENTS OF A DEFAMATION CLAIM AND A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT."

### I.

**{¶13}** In his sole Assignment of Error, Appellant argues that the trial court erred in granting Appellee's motion for judgment on the pleadings. We agree.

{¶14} In the instant case, Appellee filed his motion for judgment on the pleadings and to dismiss Appellant's complaint pursuant to Civ.R. 12(C), which states in pertinent part:

{¶15} "Motion for judgment on the pleadings. After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings."

{¶16} When a motion for judgment on the pleadings is made, the non-moving party is entitled to have all material allegations in the pleadings, with all reasonable inference to be drawn therefrom, construed in the non-moving party's favor as true. *Master v. Shriner* (October 18, 1985), Lucas App. No. L-85-011, citing *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 297 N.E.2d 113.

{¶17} As stated by this Court in *Estate of Heath v. Grange Mutual Casualty Company,* Delaware App. No. 02CAE05023, 2002–Ohio–5494, ¶ 8–9:

{¶18} "The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ.R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources* (1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. *See,*

*also*, *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137; *Barilatz v. Luke* (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.

{¶19} "Judgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. Determination of the motion is restricted to the allegations of the pleadings with all reasonable inferences construed in the nonmovant's favor." *Schweizer v. Riverside Methodist Hosps.* (1996), 108 Ohio App.3d 539, 671 N.E.2d 312, citing *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 573 N.E.2d 633. *See also Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113, and *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 752 N.E.2d 267. Civ.R. 12(C) permits consideration of the complaint and answer. "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 664 N.E.2d 931, citing *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 594 N.E.2d 60, and *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96, 616 N.E.2d 519.

{¶20} "A reviewing court need not defer to the trial court's decision in such cases. *Id.* A motion for a judgment on the pleadings, pursuant to Civ.R. 12(C), presents only questions of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 297 N.E.2d 113. The determination of a motion under Civ.R. 12(C) is restricted solely to the

allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. *Id.*"

**{¶21}** In the instant case, Appellant raises claims of defamation and tortious interference with contract.

**{¶22}** Appellee argues that at all times relevant, as the Executive Director of Richland County Children's Services, he was an employee of a political subdivision and that he is entitled to statutory immunity under R.C. Chapter 2744, the Political Subdivision Tort Liability Act.

Political Subdivision Immunity

**{¶23}** R.C. Chapter 2744 sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability. *Duff v. Coshocton Cty. Bd. of Commrs.,* 5th Dist. No. 03–CA–019, 2004-Ohio-3713, 2004 WL 1563404, citing *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 697 N.E.2d 610; *Carpenter v. Scherer–Mountain Ins. Agency* (1999), 135 Ohio App.3d 316, 733 N.E.2d 1196. Generally, political subdivisions are immune from civil liability. R.C. 2744.02(A). However, if one of the exceptions outlined in R.C. 2744.02(B) is applicable, a political subdivision may be subject to civil liability. An employee of a political subdivision, while being entitled to a general grant of immunity, may also be held civilly liable if one of the circumstances outlined in R.C. 2744.03(A)(6) applies.

Political Subdivision Employee Immunity

**{¶24}** Immunity is extended to claims against individual employees of political subdivisions. Instead of employing R.C. 2744.02, a court must utilize R.C.

2744.03(A)(6) for claims against individual employees. Under R.C. 2744.03(A)(6), an employee of a political subdivision is immune from liability unless: (1) the employee's acts or omissions are manifestly outside the scope of the employee's employment or official responsibilities; (2) the employee's acts or omissions were malicious, in bad faith, or wanton or reckless; or (3) liability is expressly imposed on the employee by a section of the Revised Code."

{¶25} Here, Appellant's Complaint identifies Appellee as the Executive Director of Richland County Children's Services, an employee of a political subdivision who is entitled to immunity unless one of the exceptions listed above applies.

{¶26} Upon review of Appellant's complaint, we find that as part of his defamation claim, Appellant asserted that Appellee acted "willfully and/or with actual malice." The Complaint also contained allegations that Appellee published statements that Appellant was a disruptive influence on Children Services; that he had inappropriate discussions with Children Services staff; that he was "sloughing" off; and that he was guilty of other dishonest conduct.

{¶27} In Ohio, under the rules of notice pleading, Civ.R. 8(A)(1) requires only "a short and plain statement of the claim showing that the party is entitled to relief." *See also Holzman v. Fifth Third Bank, N.A.,* 1st Dist. No. C–980546, 1999 WL 252715, *1 (Apr. 30, 1999).

{¶28} Based on the averments contained in Appellant's complaint, and construing the allegations most strongly in Appellant's favor, we find that Appellant has alleged sufficient facts which, if proven, could overcome the immunity of Appellee.

{¶29} We therefore find the trial court erred in granting Appellee's motion for judgment on the pleadings.

{¶30} Appellant's sole Assignment of Error is sustained.

{¶31} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and this matter is remanded to the trial court for proceedings consistent with the law and this opinion.

By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0515

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JEFFREY S. McBRIDE                       :
                                         :
    Plaintiff-Appellant              :
                                         :
-vs-                                     :        JUDGMENT ENTRY
                                         :
RANDY J. PARKER                          :
                                         :
    Defendant-Appellee               :        Case No. 11 CA 122


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of common Pleas of Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee.

_____

_____

_____
                                        JUDGES