[Cite as *Yenni v. Yenni*, 2022-Ohio-2867.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

AURELIJA YENNI,                    :

     Plaintiff-Appellee,        :              No. 111058

     v.                         :

GREGORY A. YENNI,                  :

     Defendant-Appellant        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 18, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-18-373894

---

### *Appearances:*

Joyce E. Barrett and James P. Reddy, Jr., *for appellant.*

Skirbunt & Skirbunt, L.L.C., James R. Skirbunt, and
Amanda M. Pipik-Leip, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1}  Appellant Gregory A. Yenni ("Husband") appeals from the domestic court's order granting a divorce and legal custody of the couple's minor child, V.Y., to appellee Aurelija Yenni ("Wife").  For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} Husband and Wife married on December 4, 2008. The couple had a child, V.Y., on May 11, 2010. On October 10, 2018, Wife filed a complaint for divorce. On that same date, the court issued a mutual restraining order to Husband and Wife that enjoined the parties from participation in several delineated acts including, but not limited to, (1) interference with the other spouse's parenting time and (2) withdrawal of funds from bank and investment accounts. Husband filed an answer, pro se, on November 6, 2018. On January 11, 2019, Wife filed a financial disclosure statement with an affidavit of property, income, and expenses.

{¶ 3} On January 30, 2019, the trial court ordered the parties to attend mediation. The court subsequently granted Wife's motion to terminate mediation services.

{¶ 4} On March 13, 2019, pursuant to Wife's motion, the court appointed a guardian ad litem ("GAL") and counsel on behalf of V.Y. ("V.Y.'s GAL and counsel"). On April 10, 2019, the trial court docketed the parties' agreed interim parenting schedule. On April 11, 2019, the court referred the parties to the court's Family Evaluation Services ("FES") for a brief focused evaluation that included facilitation of a resolution and determination of whether one or both parties needed psychological testing. On August 28, 2019, Wife secured Husband's deposition testimony.

{¶ 5} On December 9, 2019, Husband, pro se, filed a motion for temporary child support. Wife opposed this motion, and the court subsequently denied

Husband's motion. On December 12, 2019, the court again referred this matter to FES for an evaluation related to allocation of parental rights and responsibilities and the facilitation of a resolution on parenting time.

{¶ 6} On January 14, 2020, Wife filed her trial witness list that identified Husband, Wife, V.Y.'s GAL and counsel, and the FES evaluator. Wife filed another financial disclosure statement on January 15, 2020. On January 17, 2020, Husband, pro se, filed a financial disclosure statement.

{¶ 7} On January 28, 2020, and January 29, 2020, the magistrate began a contested trial. On the second day of trial, Wife filed a motion to terminate Husband's parenting time. On January 31, 2020, the court granted Wife's motion to terminate parenting time thereby limiting Husband to supervised parenting time. While a new trial date was set soon after the January 2020 trial dates, the parties did not return for trial until a year later.

{¶ 8} In the meantime, on February 7, 2020, Husband filed a motion, pro se, to set aside the order for supervised visitation; the motion was denied. On March 13, 2020, April 27, 2020, and May 1, 2020, Wife filed motions to show cause stemming from Husband's alleged noncompliance with the court's initial mutual restraining order.

{¶ 9} On July 8, 2020, counsel filed a notice of appearance on Husband's behalf. On August 7, 2020, the court docketed the parties' signed stipulations that stated the parties' agreed division of real property, personal property, and credit card debt. On November 6, 2020, Husband filed a motion to strike the August 7,

2020 stipulations on the basis that his attorney had no authority to approve them. On December 22, 2020, the trial court denied Husband's motion to strike.

{¶ 10} Trial resumed on January 13, 2021. On February 16, 2021, both parties, through counsel, and V.Y.'s GAL and counsel filed written closing arguments. On April 16, 2021, the magistrate rendered a decision that included findings of fact and conclusions of law. On April 30, 2021, Husband's counsel filed objections to the magistrate's decision. On the same date, Husband filed two affidavits, pro se. On May 3, 2021, Husband's counsel filed a motion to withdraw as counsel pursuant to Husband filing two pro se motions without his counsel's knowledge or consent. On May 7, 2021, the trial court granted the motion to withdraw as counsel.

{¶ 11} On May 14, 2021, Wife filed a brief in opposition to Husband's objections to the magistrate's decision. The trial court overruled Husband's objections on July 20, 2021.

{¶ 12} On July 30, 2021, Husband filed, pro se, a motion for new trial. On the same date, Husband filed, pro se, a rejection of the court's divorce judgment entry. On September 2, 2021, the trial court denied Husband's motion for a new trial. On September 3, 2021, Husband filed, pro se, a request for findings of fact and conclusions of law stemming from the court's September 2, 2021 order that denied his new trial motion. On September 20, 2021, the trial court denied Husband's request for findings of fact and overruled Husband's rejection of the divorce judgment entry.

{¶ 13} On November 2, 2021, the trial court filed a judgment entry and adopted the magistrate's April 16, 2021 decision in its entirety.

{¶ 14} On November 29, 2021, counsel entered an appearance on Husband's behalf and filed a timely notice of appeal that presented these ten assignments of error:

> First Assignment of Error: The trial court erred and abused its discretion in finding appellee proved and corroborated grounds for divorce.

> Second Assignment of Error: The trial court erred and abused its discretion in imputing income to appellant for purposes of calculating the child support obligation.

> Third Assignment of Error: The trial court erred and abused its discretion in making the child support order retroactive to February 1, 2020.

> Fourth Assignment of Error: The trial court erred and abused its discretion in not conducting a hearing on the alleged stipulations of the parties.

> Fifth Assignment of Error: The trial court erred and abused its discretion in designating appellee as residential parent and legal custodian for the parties' minor child and awarding appellant minimal and supervised visitation.

> Sixth Assignment of Error: The trial court erred and abused its discretion in its valuation dates for the parties' accounts.

> Seventh Assignment of Error: The trial court erred and abused its discretion in the division of the parties' retirement assets.

> Eighth Assignment of Error: The trial court erred and abused its discretion in not making an award of spousal support to appellant.

> Ninth Assignment of Error: The trial court erred and abused its discretion in determining which party may claim the minor child for tax purposes.

Tenth Assignment of Error: The trial court erred and abused its discretion in denying appellant's motion for new trial and request for findings of fact and conclusions of law.

## Legal Analysis

### First Assignment of Error: The trial court erred and abused its discretion in finding appellee proved and corroborated grounds for divorce

{¶ 15} In his first assignment of error, Husband argues that the trial court abused its discretion when it found Wife proved and corroborated grounds for divorce. Specifically, Husband argues that Wife's complaint cited only incompatibility as grounds for her divorce and Husband denied this allegation in his answer. To pursue additional grounds for divorce under R.C. 3105.01(K), Husband argues that Wife was obligated to file a motion to amend the complaint pursuant to Civ.R. 15(B). Absent a motion to amend, Husband argues that the trial court erred when it found Wife presented sufficient grounds for divorce. Further, Husband argues that Wife did not provide evidence to corroborate the grounds for divorce as required by Civ.R. 75(M).

{¶ 16} In Ohio, under notice pleading, a plaintiff need not prove his case at the pleading stage. *DSS Servs., L.L.C. v. Eitel's Towing, L.L.C.*, 10th Dist. Franklin No. 18AP-567, 2019-Ohio-3158, ¶ 10. A plaintiff is simply required under Civ.R. 8(A)(1) to provide a short and plain statement of the claim demonstrating that the claimant is entitled to relief and thereby placing the litigants on notice of the intended claims and alleged causes of action. *McBride v. Parker*, 5th Dist. Richland

No. 11 CA 122, 2012-Ohio-2522, ¶ 27; *Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist.1982) ( The purpose of Civ.R. 8(A) is "to simplify pleadings to a 'short and plain statement of the claim' and to simplify statements of the relief demanded * * * [so] that the adverse party will receive fair notice of the claim and an opportunity to prepare his response thereto.").

{¶ 17} Here, Wife's divorce complaint stated that "[Husband] has acted, or has failed to act, in a manner which entitles [Wife] to a divorce under the provisions of Section 3105.01 of the Ohio Revised Code, and that the parties are otherwise incompatible." We do not agree with Husband that Wife's complaint alleged grounds for divorce only on incompatibility. Wife's complaint put Husband on notice that she sought a divorce based upon any and all grounds listed under R.C. 3105.01, satisfying the rigors of Civ.R. 8.

{¶ 18} Further, Civ.R. 75(M) required Wife to provide evidence in support of her grounds for divorce:

> **(M) Testimony:** Judgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence. No admission shall be received that the court has reason to believe was obtained by fraud, connivance, coercion, or other improper means. The parties, notwithstanding their marital relations, shall be competent to testify in the proceeding to the same extent as other witnesses.

A trial court may grant a divorce after the party's evidence of grounds for divorce is corroborated by another witness or other independent evidence. *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202, 943 N.E.2d 1041, ¶ 16 (1st Dist.), citing

*Mathews v. Laci*, 12th Dist. Clermont No. CA91-09-076, 1992 Ohio App. LEXIS 2278 (May 4, 1992). The

> [c]orroborating evidence must pertain to material elements essential to the proof of the ground for divorce set out in the complaint, but it is not required for each and every material fact. The evidence "must merely substantiate the testimony of a party, but need not support it in every detail." It may be oral, documentary, or both, and a court may consider the evidence and admissions of the other party and find that they are corroborative of the first party's testimony.

*Condit* at ¶ 17.

{¶ 19} A court of appeals reviews a trial court's decision that there were proper grounds for divorce under an abuse of discretion standard. *O'Neal v. O'Neal*, 8th Dist. Cuyahoga No. 110114, 2022-Ohio-372, ¶ 24. An abuse of discretion occurs when a trial court's decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *Cleveland v. Greear*, 8th Dist. Cuyahoga No. 108190, 2020-Ohio-29, ¶ 19, citing *State v. Taylor*, 8th Dist. Cuyahoga No. 98107, 2012-Ohio-5421, ¶ 22.

{¶ 20} The trial court in the instant case granted Wife a divorce on three grounds: the parties lived separate and apart for greater than one-year, gross negligence, and extreme cruelty. Wife testified that she moved from the marital residence into an apartment on April 26, 2019. Additionally, the GAL testified that she visited Wife and V.Y. on July 1, 2019, in their apartment. Husband did not introduce any evidence to demonstrate the parties had not lived separate and apart for greater than one year nor did he object to the testimony proffered by Wife and the GAL. The magistrate's decision was docketed on April 16, 2021, and the trial

court granted the divorce decree on November 2, 2021. Thus, there was sufficient evidence to demonstrate the parties lived separate and apart for greater than one year.

{¶ 21} As to gross negligence, this court has found that

> [t]he term "gross neglect of duty" is not subject to precise definition and its basis as a ground for divorce under R.C. 3105.01 is determined by the circumstances of each case. [citations omitted] The trial court has a large measure of discretion in determining the sufficiency of the evidence in granting a divorce on the ground of gross neglect of duty. *Weinstein v. Weinstein* [90 Ohio L. Abs. 199, 185 N.E.2d 56 (8th Dist.1962; *Buess v. Buess*, 89 Ohio App. 37, 731 N.E.2d 646 (3d Dist.1950).].

*Rice v. Rice*, 8th Dist. Cuyahoga No. 78682, 2001 Ohio App. LEXIS 4983, 15 (Nov. 8, 2001), quoting *Patterson v. Patterson*, 8th Dist. Cuyahoga No. 43707, 1982 Ohio App. LEXIS 11728, 14 (July 22, 1982). Additionally, gross neglect of duty has been described as the failure of one party to perform a marital duty "attended by circumstances of indignity or aggravation." *Williams v. Williams*, 8th Dist. Cuyahoga No. 62267, 1993 Ohio App. LEXIS 3361, 38-39 (July 1, 1993), quoting *Kennedy v. Kennedy*, 111 Ohio App. 432, 433, 165 N.E.2d 454 (12th Dist.1959). Gross neglect of duty is determined on a case-by-case basis. *Hunt v. Hunt*, 63 Ohio App.3d 178, 578 N.E.2d 498 (2d Dist.1989), citing *Glimcher v. Glimcher*, 29 Ohio App.2d 55, 278 N.E.2d 37 (10th Dist.1971), paragraph one of the syllabus.

{¶ 22} Similarly, extreme cruelty is not clearly defined, and this court has relied on the following definition:

> The term "extreme cruelty" as used in R.C. 3105.01 is not limited in scope to acts of physical violence or the reasonable apprehension

thereof, but is sufficiently broad to encompass acts and conduct the effect of which is calculated to permanently destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relationship intolerable. [*Buess* at 45.]

*Huelsman v. Huelsman*, 8th Dist. Cuyahoga No. 54684, 1988 Ohio App. LEXIS 4531, 21-22 (Nov. 17, 1988). "The determination of what facts constitute extreme cruelty in a given case must be left to the broad, but sound, discretion of the trial court and whether sufficient evidence has been presented to establish extreme cruelty will depend upon all the circumstances of the particular case. 48 Ohio Jurisprudence 3d (1983) 272, Family Law, Section 1126." *Huelsman* at 22, quoting *Verplatse v. Verplatse*, 17 Ohio App.3d 99, 100, 477 N.E.2d 648 (3d Dist.1984).

{¶ 23} A review of the record shows that Husband's behavior rose to the level of gross neglect of duty and extreme cruelty.

{¶ 24} Thus, the trial court did not abuse its discretion when it determined that the evidence demonstrated the parties lived separate and apart for more than one year and Husband's behavior amounted to extreme cruelty and gross neglect of duty. Husband's first assignment of error is overruled.

**Second Assignment of Error: The trial court erred and abused its discretion in imputing income to appellant for purposes of calculating the child support obligation**

{¶ 25} Husband argues that the trial court erred and abused its discretion when it imputed income to him in the amount of $120,000 for purposes of calculating his child support obligation. Specifically, Husband argues that the trial court relied on Wife's testimony rather than the applicable statutory factors.

{¶ 26} "Pursuant to R.C. 3119.01(C)(9)(b) and 3119.01(C)(17), the trial court is permitted to impute potential income to a parent who is voluntarily unemployed or voluntarily underemployed for the purpose of determining the parent's child support obligation." *N.W. v. M.W.*, 8th Dist. Cuyahoga No. 107503, 2019-Ohio-1775, ¶ 29. "Whether a parent is voluntarily underemployed and the amount of potential income to be imputed to the parent for the calculation of child support are matters the trial court determines on the particular facts and circumstances of each case." *N.W.* at ¶ 29, citing *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993), syllabus. A trial court's decision to impute income will be overturned only upon a showing of an abuse of discretion. *Rock* at 112.

{¶ 27} To determine the potential income for a parent who the court finds is voluntarily unemployed or voluntarily underemployed, the court assesses the following factors:

(i) The parent's prior employment experience;
(ii) The parent's education;
(iii) The parent's physical and mental disabilities, if any;
(iv) The availability of employment in the geographic area in which the parent resides;
(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
(vi) The parent's special skills and training;
(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
(viii) The age and special needs of the child for whom child support is being calculated under this section;
(ix) The parent's increased earning capacity because of experience;
(x) The parent's decreased earning capacity because of a felony conviction;
(xi) Any other relevant factor.

R.C. 3119.01(C)(17)(a); *Baxter v. Thomas*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 27, citing *Justice v. Justice*, 12th Dist. Warren No. CA2006-11-34, 2007-Ohio-5186, ¶ 9, citing R.C. 3119.01(C)(11)(a).[1]

{¶ 28} The evidence shows that Husband was previously employed as an industrial equipment service and manufacturing consultant earning $120,000 annually, plus expense reimbursement checks. Upon the sale of Husband's former employer in 2015, the acquiring company offered Husband a position that Husband declined because he would not sign the required noncompete agreement. Since 2015, Husband's income was significantly reduced, ranging from approximately $15,000 to $21,000 annually.

{¶ 29} The trial court determined Husband was voluntarily underemployed. Husband was offered employment comparable to his previous position but declined to accept that employment. Wife testified that Husband wanted to start his own company to leave as a legacy to V.Y. A "parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation." *Cimperman v. Cimperman*, 8th Dist. Cuyahoga No. 80807, 2003-Ohio-869, ¶ 45, quoting *Rock*, 67 Ohio St.3d 108 at 111, 616 N.E.2d 218. *See also Chandler v. Chandler*, 11th Dist. Trumbull No. 2016-T-0046, 2017-Ohio-710. (Husband who could earn a higher annual salary but elected to defer income while

___

[1] Former R.C. 3119.01(C)(11)(a) is now codified as R.C. 3119.01(C)(17)(a).

developing his own business was considered voluntarily underemployed.) Husband experienced a significant reduction in salary when he declined the offered position and became self-employed, and the trial court found him voluntarily underemployed.

{¶ 30} Further, the trial court considered the relevant R.C. 3119.01(C)(17)(a) factors and found Husband's potential income was $120,000 based upon Husband's previous salary earned before pursuing self-employment. The trial court stated Husband did not present any evidence that he actively sought employment consistent with his prior employment. The trial court also noted that Husband's "limited testimony on any specific subject * * * lacked any credibility." The trial court found that if Husband made reasonable attempts to secure employment consistent with his prior work history, coupled with his education and experience, he could earn at least $120,000.

{¶ 31} Husband argues that the trial court was concerned about his mental condition, presumably suggesting his imputed income should be less than his prior salary because of a physical or mental disability allowed for under R.C. 3119.01(C)(17)(a)(iii). However, a review of the record shows the trial court's references to Husband's mental health relate specifically to his suspicious nature and unfounded allegations that impacted Husband's ability to parent V.Y. rather than relating to his ability to obtain and retain employment. Further, Husband offered no testimony that demonstrated a physical or mental disability impacted his earning capacity.

{¶ 32} Considering the testimony and findings outlined above, the trial court's finding Husband voluntarily underemployed and imputing income in the amount of $120,000 was not an abuse of discretion. The record is silent on several R.C. 3119.01(C)(17)(a) factors; however, the statute does not require evidence be presented as to each factor before the court may impute income. *Chapman v. Chapman*, 10th Dist. Franklin No. 05AP-1238, 2007-Ohio-1414, ¶ 12. In fact, "'the trial court has no obligation to investigate and develop evidence that the parties have failed to present.'" *In re J.M.G.*, 8th Dist. Cuyahoga No. 98990, 2013-Ohio-2693, ¶ 26, quoting *Strimbu v. Strimbu*, 11th Dist. Trumbull No. 2010-T-0104, 2011-Ohio-3629, ¶ 17, quoting *Maguire v. Maguire*, 9th Dist. Summit No. 23581, 2007-Ohio-4531, ¶ 14. "Where the parties failed to present evidence in regard to each of the [R.C. 3119.01(C)(17)] factors * * * , it was reasonable for the trial court to consider such factors immaterial to a determination of the issues." *August v. August*, 3d Dist. Hancock No. 5-13-26, 2014-Ohio-3986, ¶ 43, quoting *Keller v. Keller*, 9th Dist. Wayne No. 04CA0084, 2005-Ohio-3302, ¶ 17; *see also Wilburn v. Wilburn*, 169 Ohio App.3d 415, 2006-Ohio-5820, 863 N.E.2d 204, ¶ 38 (9th Dist.), citing *Keller*.

{¶ 33} Recognizing Husband's prior employment and earning capacity, his decision to forego employment due to a noncompete agreement, the court's interpretation of Husband's veracity, and the absence of any objective evidence that weighs against the trial court's decision, we cannot say that the trial court abused its discretion when it imputed an income of $120,000 to Husband. Therefore, Husband's second assignment of error is overruled.

**Third, Fourth, Fifth, and Seventh Assignments of Error**

{¶ 34} For ease of discussion, we will address Husband's third, fourth, fifth, and seventh assignments of error together.

{¶ 35} In his third assignment of error, Husband argues that the trial court erred when it granted Wife child support retroactive to February 1, 2020, when Wife did not file a motion for child support during the pendency of their divorce.

{¶ 36} In his fourth assignment of error, Husband contends that the trial court erroneously failed to hold an evidentiary hearing on his motion to strike the parties' stipulations.

{¶ 37} In his fifth assignment of error, Husband contends that the trial court erred and abused its discretion when it relied on an outdated parenting plan and did not defer to the GAL's testimony when it designated Wife as residential parent and legal custodian of V.Y. and awarded minimal supervised visitation to Husband.

{¶ 38} In his seventh assignment of error, Husband argues that the trial court erred and abused its discretion when it divided the parties' retirement assets and granted Wife a greater share of those assets.

{¶ 39} App.R. 16(A)(7) requires an appellant to include within his or her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." According to App.R. 12(A)(2), an appellate court may disregard an assignment of error if an appellant fails to cite any legal authority to

support his argument. *Thornhill v. Thornhill*, 8th Dist. Cuyahoga No. 92913, 2009-Ohio-5569, ¶ 11 (court declined to address assignments of error when appellant failed to cite any supporting case law or statute); *Brown v. Brown*, 2014-Ohio-2402, 14 N.E.3d 404, ¶ 36, 50 (8th Dist.)(court did not assess merits of assignments of error where appellant cited no legal authority); *State v. Banks*, 8th Dist. Cuyahoga No. 108166, 2020-Ohio-3029, ¶ 18 (a court may disregard an assignment of error that is not supported with a legal citation.)

{¶ 40} "Appellate courts are not advocates." *Taylor-Stephens v. Rite Aid of Ohio*, 8th Dist. Cuyahoga No. 106324, 2018-Ohio-4714, ¶ 121. The appellant, rather than the appellate court, bears the burden to construct the necessary legal arguments that support the designated assignments of error. *Doe v. Cuyahoga Cty. Community College*, 8th Dist. Cuyahoga No. 110590, 2022-Ohio-527, ¶ 26, citing *Taylor-Stephens*. In his third, fourth, fifth, and seventh assignments of error, Husband fails to cite any legal authority in support of his arguments. We decline to review these assignments of error pursuant to the appellate rules and, therefore, these assignments of error are overruled.

**Sixth Assignment of Error:  The trial court erred and abused its discretion in its valuation dates for the parties' accounts**

{¶ 41} In his sixth assignment of error, Husband argues that the trial court erred and abused its discretion when it valued the parties' bank and investment accounts. Specifically, Husband argues that the valuations used by the court were submitted exclusively by Wife and did not allow for equal division of the accounts.

Husband argues that the trial court should have valued the bank and investment accounts as of October 10, 2018, the date the court issued its mutual restraining order.

{¶ 42} On January 11, 2019, and January 15, 2020, Wife filed financial disclosure forms that listed bank and investment accounts held both individually by herself and jointly with Husband. On January 17, 2020, Husband filed a financial disclosure form that also identified the parties' individual and joint accounts. The amounts listed in the financial disclosure forms stated present fair market values.

{¶ 43} The trial court's decision filed on November 2, 2021 ("November 2, 2021 judgment entry") specified the distribution of the marital assets including bank and investment accounts, real property, and automobiles. For purposes of this review, we are only concerned with the bank and investment accounts. The November 2, 2021 judgment entry identified the parties' bank and investment accounts, their valuation dates, and the balances for each account. The judgment entry referenced exhibit No. 2 that was attached and identified the bank and investment accounts as well as to whom the accounts were titled, the valuation dates of the accounts, and the court's division of those accounts between Husband and Wife.

{¶ 44} The November 2, 2021 judgment entry and exhibit No. 2 incorporated information from both parties' financial disclosure forms: the bank account balances reflected the amounts listed on Wife's financial disclosure forms, the IRA account balances reflected the amounts listed on Husband's financial disclosure

form, and the 401(K) balance was valued the same by Husband and Wife. Only Wife listed the certificate of deposit on her financial disclosure form. Except for the certificate of deposit account that was valued as of December 2018, the remaining bank and investment account balances were valued in December 2019 or January 2020. The remaining marital assets — real estate and automobiles — that were listed in the November 2, 2021 judgment entry and exhibit No. 2 were also valued as of January 2020.

{¶ 45} "'The determination as to when to apply a valuation date other than the actual date of divorce is within the discretion of the trial court and cannot be disturbed on appeal absent a demonstration of an abuse of discretion.'" *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 80406, 2002-Ohio-4193, ¶ 19, quoting *Gullia v. Gullia*, 93 Ohio App.3d 653, 666, 639 N.E.2d 822 (8th Dist.1994).

{¶ 46} Husband argues that the court should have applied October 10, 2018 as the valuation date rather than December 2019 or January 2020. Husband argues that on October 10, 2018, Wife filed for divorce and the court issued its mutual restraining order that enjoined the parties from withdrawing funds from the accounts. To remedy any inequity caused by either party withdrawing funds from an account following issuance of the restraining order, Husband contends that the trial court should have used the date the mutual restraining order was issued for the valuation date.

{¶ 47} The trial court valued all the bank and investment accounts, except the certificate of deposit, as of December 2019 or January 2020. The contested trial

began in January 2020. While the trial was continued until January 2021, the parties did not introduce any additional evidence pertaining to marital assets following the 2020 trial date. Further, the trial court used valuations proposed by both Husband and Wife. Husband neither objected to Wife's proposed valuations nor presented alternative valuations.

{¶ 48} Additionally, the trial court found "that no evidence was presented to establish that an equal division of marital property would be equitable." A trial court has broad discretion to determine equitable property division and "[t]he mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." *Martin v. Martin*, 18 Ohio St.3d 292, 294, 480 N.E.2d 1112 (1985), quoting *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981), paragraph two of the syllabus. Here, the trial court specifically stated that while the property division was not equal it was equitable because of "the length of time the parties have been separated; the fact that [Wife] has had 100% of the parenting time with the parties' minor child, and has borne 100% of the child's expenses since January 31, 2020; and because [Husband] has been the cause of significant delay."

{¶ 49} We find the trial court's division of the parties' bank and investment accounts and valuation of those accounts on a date other than October 2018, did not amount to an abuse of discretion. Husband's sixth assignment of error is overruled.

**Eighth Assignment of Error: The trial court erred and abused its discretion in not making an award of spousal support to appellant**

{¶ 50} In his eighth assignment of error, Husband contends that the trial court erred and abused its discretion when it found that Husband was not entitled to spousal support.

{¶ 51} "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv); *Citifinancial Mtge. Co. v. Allen*, 8th Dist. Cuyahoga No. 90979, 2008-Ohio-5998, ¶ 5.

{¶ 52} A review of the record shows that Husband's argument about spousal support was not raised in Husband's objections to the magistrate's decision. Husband also failed to invoke the plain-error doctrine on his appeal of this issue. Where the appellant fails to object to a trial court's finding or conclusion under Civ.R. 53(D)(3)(b) and fails to make a showing to the appeals court that plain error occurred, the reviewing court need not address the issue. *Kobal v. Edward Jones Secs.*, 8th Dist. Cuyahoga No. 109753, 2021-Ohio-1088, ¶ 41; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17-20 (appellate court need not consider plain error where appellant fails to timely raise plain-error claim).

{¶ 53} Accordingly, we overrule Husband's eighth assignment of error.

**Ninth Assignment of Error: The trial court erred and abused its discretion in determining which party may claim the minor child for tax purposes**

{¶ 54} Husband argues that the trial court erred and abused its discretion when it found Wife entitled to claim V.Y. for all federal income tax purposes.

{¶ 55} A trial court's allocation of the tax dependency exemption is reviewed under an abuse of discretion standard. *Madden v. Madden*, 8th Dist. Cuyahoga No. 71302, 1997 Ohio App. LEXIS 4809, 8-9 (Oct. 30, 1997). The decision is premised on the best interest of the child. *Branden v. Branden*, 8th Dist. Cuyahoga No. 91453, 2009-Ohio-866, ¶ 36, quoting *Keating v. Keating*, 8th Dist. Cuyahoga No. 90611, 2008-Ohio-5345, ¶ 90, quoting *Foster v. Foster*, 6th Dist. Sandusky No. S-03-037, 2004-Ohio-3905, ¶ 22.

{¶ 56} According to R.C. 3119.82, where the parties do not agree on which parent should claim their child as a dependent — as was the case between Husband and Wife — the court may permit the parent who is not the residential parent and legal custodian to claim the child as a dependent for federal income tax purposes only if the court determines that this furthers the best interest of the child. Pursuant to R.C. 3119.82, the trial court must consider several factors to determine the best interest of the child:

> In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

R.C. 3119.82; *Brown*, 2014-Ohio-2402, 14 N.E.3d 404, at ¶ 59. A trial court need not state its basis for allocating the tax exemption, but the record needs to include the financial data referenced in the statute. *Brown* at ¶ 36, quoting *Branden* at ¶ 36, quoting *Ankney v. Bonos*, 9th Dist. Summit No. 23178, 2006-Ohio-6009, ¶ 40.

{¶ 57} The court found pursuant to R.C. 3119.82 that it was in the best interest of V.Y. to allow Mother to claim the child for all tax purposes. Husband is underemployed and Wife, as residential parent, provides most of the financial support to V.Y. and spends most of the time with the child. The record includes financial documentation to support the court's decision. Husband does not argue the record is devoid of the relevant financial data, but contends the trial court did not make any findings on this issue. Yet, because the trial court was not required to make any such findings of fact, this argument lacks merit. *Brown* at ¶ 60.

{¶ 58} Husband fails to demonstrate that the trial court abused its discretion when it allocated the tax exemption to Wife. Thus, Husband's ninth assignment of error is overruled.

**Tenth Assignment of Error: The trial court erred and abused its discretion in denying appellant's motion for new trial and request for findings of fact and conclusions of law**

{¶ 59} Husband argues that the trial court erred and abused its discretion when it denied his motion for new trial and request for findings of fact and conclusions of law. Specifically, Husband argues that the trial court erred when it found his eight-page, single-spaced, pro se motion for new trial "failed to establish

sufficient grounds for a new trial pursuant to Civ.R. 59." Husband also argues that the court should have provided a detailed basis for its denial of the motion for a new trial pursuant to Husband's filing a pro se request for findings of fact and conclusions of law.

{¶ 60} The standard of review we apply to a trial court's ruling on a Civ.R. 59 motion for new trial depends upon the grounds for the motion. *Robinson v. Turoczy Bonding Co.*, 8th Dist. Cuyahoga No. 103787, 2016-Ohio-7397, ¶ 23.

> A motion for new trial brought under Civ.R. 59(A)(1), (2), (3), (4), (5), (6), or (8) is reviewed for an abuse of discretion. *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 8th Dist. Cuyahoga No. 104014, 2017-Ohio-1443, ¶ 12, 13; *Johnson v. Johnson*, 5th Dist. Stark No. 2015CA00076, 2015-Ohio-4748, ¶ 16-17; *GMS Mgt. Co. v. Coulter*, 11th Dist. Lake No. 2005-L-071, 2006-Ohio-1263, ¶ 20-21. A motion for new trial brought under Civ.R. 59(A)(7) or (9), is reviewed de novo. *Gateway Consultants Group* at ¶ 12, 22.

*Moore v. Moore*, 6th Dist. Erie No. E-17-011, 2018-Ohio-1545, ¶ 14.

{¶ 61} Upon a review of the record, we find that the trial court did not abuse its discretion when it denied Husband's motion for new trial pursuant to Civ.R. 59(A)(1), (3), (6), and (8) and the court did not err when it denied Husband's motion for new trial under Civ.R. 59(A)(7).

{¶ 62} In addition to filing his motion for new trial, Husband filed a request for findings of fact and conclusions of law relating to the trial court's denial of his motion for new trial. Civ.R. 59(A) reads, in pertinent part: "When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted." While Civ.R. 59(A) requires a trial court to specify in writing the grounds

upon which a new trial was granted, there is no corresponding requirement that the trial court issue findings of fact and conclusions of law upon the denial of a motion for new trial. *State v. Girts*, 121 Ohio App.3d 539, 565, 700 N.E.2d 395 (8th Dist.1997); *see Schneider v. First Natl. Supermarkets*, 8th Dist. Cuyahoga No. 70226, 1996 Ohio App. LEXIS 5450, 8 (Dec. 5, 1996) (no mandatory requirement for trial court to specify in writing the grounds for its denial of a motion for new trial). Thus, the trial court had no duty to provide findings of fact and conclusions of law relating to its denial of the motion for new trial.

{¶ 63} Husband's tenth assignment of error is overruled.

{¶ 64} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR