[Cite as *In re N.P.*, 2014-Ohio-4087.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100835**

---

# IN RE: N.P.
# A Minor Child

[Appeal By A.J.P., Father]

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU-97110601

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**ATTORNEY FOR APPELLANT**

Larry I. Madorsky
Larry I. Madorsky & Associates Co., L.P.A.
2101 Richmond Road
La Place Mall
Beachwood, Ohio   44122


**ATTORNEY FOR APPELLEE**

Edward L. Joseph
2403 St. Clair
Cleveland, Ohio   44114

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant-father appeals from the judgment of the common pleas court, juvenile division, awarding appellee-wife child support, past health-related expenses, and attorney fees. After a careful review of the record, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## I. Procedural and Factual History

{¶2} Mother and father are the parents of N.P., born February 13, 1996.

{¶3} On October 5, 2007, mother filed a motion to modify child support. The motion was withdrawn, and a motion to establish past healthcare expenses was filed by mother on February 8, 2010. In 2008, father filed motions to modify child support and to enforce visitation. The motion to enforce visitation was voluntarily dismissed on December 10, 2010. On March 19, 2013, mother filed an amended motion to establish past, present, and future health-related expenses pertaining to the child, a motion to extend child support beyond the child's 18th birthday, and a motion for attorney fees. The pending matters were tried before the bench on September 18, 2013.

{¶4} At the onset of trial, it was stipulated that the child suffers from severe autism and that support would continue beyond the child's 18th birthday.

{¶5} At trial it was established that mother earns $21,000 annually and is unable to work full time due to the needs and demands of her son. Father earns $38,858, has

remarried, has two children from his marriage, and has a total household income in excess of $100,000 annually.

{¶6} With respect to past health-related expenses, mother testified that the child had been enrolled in the Parma School District, but that the school system was unable to meet the special needs of her child. When mother asked the Parma School District to have her child enrolled in the Monarch School, which has special autism programs, her request was denied. The per-student cost to be enrolled in the Monarch System was $100,00 per year. Mother hired legal counsel to bring an action against the Parma School District. Mother gave counsel a $5,000 retainer and, following a successful outcome, counsel returned $1,000 of the retainer. Mother testified that she requested that father pay one-half of the $4,000 legal expenses involved in having their child enrolled in the Monarch School system. However, according to mother, father refused to reimburse her.

{¶7} Mother testified that in addition to the educational programs offered by the Monarch School, she also found it necessary to have special tutoring programs for her child. Bills covering those expenses were documented in plaintiff's exhibit No. 2, and mother indicated that she paid all of the listed expenses. Those expenses, along with prescriptions and other medical expenses, totaled $17,002. Mother testified that she had provided father with bills and numerous requests for reimbursement of health-related expenses, but father made zero contributions toward those expenses.

{¶8} At the conclusion of trial, the trial court issued a judgment entry and opinion concluding that $12,972 of the expenses listed in exhibit No. 2 were necessary to the health and well being of the child. The court ordered father to pay 60.9 percent of that sum, equaling an obligation of $7,899.94.

{¶9} The court further found that pursuant to the parties' child support computation worksheet, father's monthly child support obligation with medical insurance would be $275.25 plus poundage. However, on considering the relevant factors under R.C. 3119.23, the trial court found that an upward deviation of 33.3 percent in the amount of child support to be paid by father was appropriate.

{¶10} Applying the deviation to the child support worksheet, the trial court ordered father to pay $500.49 in child support per month. Finally, the court ordered father to pay attorney fees equaling $3,918.75.

{¶11} Father now brings this timely appeal, raising four assignments of error:

I. The court erred in fashioning its order for child support.

II. The court erred in granting an upward deviation in child support.

III. The court's upward deviation of child support is against the manifest weight of the evidence.
IV. The court erred in its treatment of past expenses.

{¶12} For the purposes of judicial clarity, we review father's assignments of error out of order.

## II. Law and Analysis

### A. Upward Deviation of Child Support

**{¶13}** In his second assignment of error, father argues that the trial court erred in granting an upward deviation in child support. In his third assignment of error, father argues that the trial court's upward deviation of child support is against the manifest weight of the evidence. We review father's second and third assignments of error together.

**{¶14}** "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997).

**{¶15}** R.C. 3119.02 provides that, in any action where a child support order is issued or modified, the court shall calculate the amount of child support pursuant to "the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code."

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, * * * if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule * * * would be unjust or inappropriate and would not be in the best interest of the child.

R.C. 3119.22. "Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination." *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph three of the syllabus.

**{¶16}** In the case at hand, the trial court found that an upward deviation was appropriate pursuant to R.C. 3119.22 and 3119.23. The trial court's ruling suggests that it relied on several factors found in R.C. 3119.23, including: (1) the special needs of the child, (2) the disparity in income between mother and father, (3) the benefits of father's remarriage, (4) father's relationship with the child, and (5) the physical and emotional needs of the child. *See* R.C. 3119.23(A), (G), (H), (J), and (K).

**{¶17}** As stated in its judgment entry, the trial court weighed all of the evidence presented at trial and found there are substantial expenses associated with providing for the special needs of the child. Although specialized schooling at the Monarch School was certainly a factor, the court also heard ample evidence regarding numerous other costs including therapy, medical issues, and tutors. The court also heard testimony describing the disparity between the parties' income and mother's inability to work substantial hours due to the extensive care her child requires. Further, the court found, based on the testimony provided at trial, that father's relationship with the child is limited to his court-ordered obligations and, considering the funds available from his current wife, that his household income exceeds $100,000 annually.

**{¶18}** Having thoroughly reviewed the record, we cannot find that the trial court abused its discretion in ordering an upward deviation of 33.3 percent. Moreover, we find that the trial court's findings were supported by competent and credible testimony.

**{¶19}** Because the trial court possesses considerable discretion in child support matters, father's second and third assignments of error are overruled.

## B. Child Support Calculation

**{¶20}** In his first assignment of error, father argues that the trial court made a mathematical error in calculating its order for child support.   We agree.

**{¶21}** Here, the trial court stated in the journal entry that, pursuant to the child support worksheet attached to the entry, father's final child support figure with medical insurance was $275.25 plus $5.50 poundage.   However, as discussed, the trial court determined that an upward deviation of 33.3 percent was appropriate under R.C. 3119.23.  Applying the deviation, the court concluded that father's total child support obligation was $500.49 a month.

**{¶22}** After a careful review of the relevant figures, we find the trial court made a mathematical error in ordering father to pay $500.49 per month because   the figure is far greater than an upward deviation of 33.3 percent from the base obligation of $275.25.  Accordingly, we reverse the trial court's order of child support in the amount of $500.49 per month and remand for the trial court to correct its miscalculation.

**{¶23}** Father's first assignment of error is sustained.

## C. Health-Related Expenses

**{¶24}** In his fourth assignment of error, father argues that the trial court erred in ordering him to pay $7,899.94 for past health-related expenses. We disagree.

**{¶25}** Father contends that many of the purported expenses claimed by mother were improperly characterized by the trial court as being "health related."   Specifically, appellant argues that a consulting bill for $1,429 from behavioral analyst Pam Reed was

not a health-related expense. At trial, mother testified that Reed is a behavioral analyst she discovered through Milestones Autism Organization in Beachwood, Ohio. Mother testified that she met with Reed on several occasions and was provided necessary training to address her child's aggressive behavior and overall mental health.

{¶26} Although we recognize appellant's argument that the services provided by Reed were not "medical" in nature, we cannot say that the consulting sessions provided by Reed were not health-related expenses. In this court's view, addressing the mental health and behavioral needs of the parties' autistic child is particularly important to the overall health and well being of the child. Accordingly, the trial court did not err in including the consulting bill in the amount of $1,429 as part of its award for past health-related expenses.

{¶27} Moreover, to the extent he raises the defense of laches, appellant has not provided this court with reasons to support his contentions or citations to legal authority, as required by App.R. 16(A)(7). Thus, we decline to address the application of the defense of laches to the case at hand.

{¶28} Accordingly, we overrule father's fourth assignment of error.

### III. Conclusion

{¶29} Based on the foregoing, we affirm the trial court's judgment awarding mother past health-related expenses. We further affirm the trial court's judgment applying an upward deviation to father's child support obligation. However, we reverse the trial court's order requiring father to pay $500.49 per month in child support based on

the trial court's mathematical error in applying the upward deviation to the figure listed on the child support computation worksheet. On remand the trial court shall correct the mathematical error and order the appropriate amount of support.

**{¶30}** Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR