[Cite as *In re K.F.*, 2025-Ohio-174.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE K.F.                                          :

A MINOR CHILD                                 :

                                        No. 114250

[Appeal by M.F., Father]                     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA22701357

---

### *Appearances:*

M.F., *pro se.*

---

EILEEN T. GALLAGHER, J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant M.F. ("Father") challenges the judgment of the juvenile court overruling his objections to the magistrate's decision determining child support and denying his motion to stay reimbursement. He raises the following assignments of error:

> 1. The trial court erred when it denied Father's oral motion for continuance made by his counsel.

2. The trial court erred in accepting Mother's rendition of the facts regarding Father's income.

3. The trial court erred in imputing Father's income and finding a deviation upward.

{¶ 2} After a careful review of the applicable law and facts, we affirm the judgment of the juvenile court.

## I. Factual and Procedural History

{¶ 3} K.G. ("Mother") and Father had a child together, K.F. (d.o.b. 1/10/21). In February 2022, a complaint to establish paternity of K.F was filed by the Office of Child Support Services ("OCSS"). Genetic testing was performed, and a hearing was held on the complaint in November 2023.

{¶ 4} Following the hearing, the magistrate issued a decision stating that Father and Mother had appeared in court. At that time, Father had waived his right to have any evidence presented to rebut his paternity, and Father acknowledged that he was the father of K.F.

{¶ 5} The decision further stated that the issue of child support would be addressed at a later hearing and ordered the parties to serve any discovery requests. The hearing for child support was set for March 2024. The decision noted that no further continuances would be granted absent good cause and that Juv.R. 35, regarding continuances, was to be followed. The decision specifically stated that Father was "hereby notified that should he fail to appear for the above hearing, this matter may proceed to final disposition . . . ."

{¶ 6} Finally, the parties were ordered to bring to the hearing documents reflecting childcare expenses and health-insurance expenses, along with documents as listed in R.C. 3119.05(A) verifying their gross income for the prior two years and earnings to date for 2024.

{¶ 7} The magistrate's decision was adopted by the court.

{¶ 8} In March 2024, the hearing regarding child support was held before the same magistrate. At the start of the hearing, the magistrate noted that notices of hearing had been mailed to the parties and sent by email to counsel in November 2023 and that no notice had been returned. The magistrate noted that Father was not present at the hearing and inquired of his counsel. Father's counsel stated:

> Your Honor, I apologize. At a late notice, I learned that my client was out of town. I informed him of this. He requested that I make an oral motion to continue today's events, though. He did understand that there was the possibility that we could move forward without him.

{¶ 9} Father's counsel then orally moved for a continuance. The magistrate inquired whether Mother or counsel for the OCSS objected to a continuance. Mother objected, noting that she had a sick child in the lobby and had called off work that day. She further stated that the case had been pending for three years and she would like to go forward. Counsel for the OCSS also objected, noting that Mother was present and that the case had been continued previously because Father had also not appeared at a prior hearing until after that hearing had concluded.

{¶ 10} The magistrate denied the continuance for the reasons raised by the parties and also because the request did not comply with the local rule. The

magistrate further noted that Father had been present at a hearing in November 2023 when the time for the support hearing had been set.

{¶ 11} The court proceeded with the hearing. Mother testified as to her income, the cost of insurance for K.F., and other various expenses for K.F., including daycare and costs for speech therapy beyond what was covered by insurance. Father's counsel cross-examined Mother, particularly on the costs of daycare and speech therapy, along with her knowledge of Father's financial situation.

{¶ 12} Following the hearing, the magistrate issued a decision. With regard to Father, the decision stated as follows:

> The Court finds that the mother testified that she does not think that the father is currently employed. The Court finds that she has not spent time with the father since June 30, 2020, and she does not have a way to contact him. At that time, he had three (3) businesses: a trucking business, a transportation business and a real estate business. The Court finds that he had several cars for his transportation business and the mother saw some vehicles. She also saw a semi-truck for his trucking business. She helped him find tenants for properties for his real estate business. The Court finds that he has a felony record and was incarcerated. The Court finds that he is not under any disability that would prevent him from working full time. The Court finds that he graduated from high school and may have received training or a certificate for asbestos while in prison.
>
> The Court finds that the mother testified that the father has nice cars and homes and is not poor. She testified that she did not see documentation of his income when they were together but saw cash.
>
> The Court finds that it is unknown whether private health insurance is available to the father.
>
> The Court finds that the father does not provide any support for the child.

The Court finds that the father does not have any court-ordered parenting time. He has never met the child.

. . . .

Absent any other evidence presented at this hearing, the Court finds that the father is voluntarily unemployed or voluntarily underemployed and that if fully employed would be earning at least the wage of $41,602.00 per year based on his business/work history.

{¶ 13} The court prepared a child-support guidelines worksheet that reflected a child-support obligation of $814.74 per month plus 2% processing fee and a cash medical-support obligation of $16.62 per month plus 2% processing fee.

{¶ 14} However, the court further determined that this amount would be unjust or inappropriate and therefore not in the best interest of the child under R.C. 3119.22. The court granted a deviation from this amount based upon the "special and unusual needs of the child, including needs arising from the physical or psychological needs of the child." The court made a finding that the child requires speech therapy and that Mother incurred additional out-of-pocket costs for the therapy of $280.00 per month. The court therefore found an upward deviation in the amount of $143.70 per month, and because the child did not receive public health insurance, the court found a downward deviation from the cash medical support to $0.00 per month. The total support owed per month was $977.61 per month, which included the 2% processing fee.

{¶ 15} Father filed objections to the magistrate's decision, asserting that the magistrate erred by denying his oral motion for continuance, erred in accepting Mother's rendition of facts regarding Father, and erred in imputing income to

Father and finding a deviation upward. Father also filed a motion for stay of disbursement of child-support payments, arguing that the magistrate improperly imputed his income and that he does not have the resources to pay the calculated support.

{¶ 16} The court overruled Father's objections, adopted the magistrate's decision, and denied the motion to stay disbursement. In its judgment entry, the court noted that Father had appeared with counsel at three prior hearings and that he had been ordered to bring with him documents as listed in R.C. 3119.05(A), reflecting his gross income and earnings to date, along with documents reflecting any medical insurance available and the cost for such coverage.

{¶ 17} The court further stated that the motion for continuance was denied for failure to comply with Juv.R. 35 and that Father's counsel acknowledged that Father was aware that his request for a continuance might be denied. The court noted that "[F]ather through counsel made no attempt to present any evidence through counsel after inquiry by the court."

{¶ 18} Father then filed the instant appeal.

## II. Law and Analysis

### A. Denial of Motion for Continuance

{¶ 19} In his first assignment of error, Father argues that the trial court erred when it denied his attorney's oral motion for continuance.

{¶ 20} Father maintains that he was out of town and unable to attend the hearing. He acknowledges that his request for a continuance was made on the day

of the hearing; however, he argues that it was made for "good cause" and that the court wrongfully denied it. He contends that he had previously appeared before the court, which demonstrates that he was active in the court proceedings. Moreover, he had not submitted any documents to the court but argues that information regarding his income should have come from him at a hearing.

{¶ 21} Generally, the decision whether to grant a continuance lies within the sound discretion of the trial court, and this court will not reverse the decision on appeal absent an abuse of that discretion. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). Under Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." In addition, Juv.R. 35(C) provides:

> No case will be continued on the day of trial or hearing except for good cause shown, which cause was not known to the party or counsel prior to the date of trial or hearing, and provided that the party and/or counsel have used diligence to be ready for trial and have notified or made diligent efforts to notify the opposing party or counsel as soon as he/she became aware of the necessity to request a postponement. This rule may not be waived by consent of counsel.

{¶ 22} As noted above, Father was aware of the date and time of the hearing months in advance. He did not seek a continuance until the day of the hearing, did not offer any explanation as to why he was out of town and unable to appear, and did not even attempt to demonstrate "good cause." We cannot say that the trial court abused its discretion in denying Father's motion for continuance. Father's first assignment of error is overruled.

## B. Court's Acceptance of Mother's Testimony

{¶ 23} Father's second assignment of error argues that the trial court erred in accepting Mother's rendition of facts regarding Father's income. Father asserts that the trial court based its rulings on Mother's testimony regarding Father's income and occupation even though Mother admitted that she had not spoken to Father since June 2020.

{¶ 24} Again, Father was aware of the date and time of the hearing and failed to appear. The other parties to the case were present and prepared to proceed. Father therefore waived the opportunity to present his own evidence, and the court was permitted to rule on the case based upon the testimony offered at the hearing.

{¶ 25} Father's second assignment of error is overruled.

## C. Imputation of Income and Upward Deviation

{¶ 26} In his final assignment of error, Father argues that the trial court erred in imputing his income and finding an upward deviation.

{¶ 27} Regarding the court's imputation of income, Father contends that the trial court did not consider the factors under R.C. 3119.01(c)(17)(a) in determining that he was voluntarily unemployed or underemployed. Specifically, Father asserts that the court did not inquire into his criminal history or analyze the available occupations and earning potential in the area.

{¶ 28} "Pursuant to R.C. 3119.01(C)(9)(b) and 3119.01(C)(17), the trial court is permitted to impute potential income to a parent who is voluntarily unemployed or voluntarily underemployed for the purpose of determining the parent's child

support obligation." *N.W. v. M.W.*, 2019-Ohio-1775, ¶ 29 (8th Dist.). "Whether a parent is voluntarily underemployed and the amount of potential income to be imputed to the parent for the calculation of child support are matters the trial court determines on the particular facts and circumstances of each case." *N.W.* at ¶ 29, citing *Rock v. Cabral*, 67 Ohio St.3d 108 (1993), syllabus. A trial court's decision to impute income will be overturned only upon a showing of an abuse of discretion. *Rock* at 112.

{¶ 29} To determine the potential income for a parent who the court finds is voluntarily unemployed or voluntarily underemployed, the court assesses the following factors:

(i) The parent's prior employment experience;

(ii) The parent's education;

(iii) The parent's physical and mental disabilities, if any;

(iv) The availability of employment in the geographic area in which the parent resides;

(v) The prevailing wage and salary levels in the geographic area in which the parent resides;

(vi) The parent's special skills and training;

(vii) Whether there is evidence that the parent has the ability to earn the imputed income;

(viii) The age and special needs of the child for whom child support is being calculated under this section;

(ix) The parent's increased earning capacity because of experience;

(x) The parent's decreased earning capacity because of a felony conviction;

(xi) Any other relevant factor.

R.C. 3119.01(C)(17)(a); *Baxter v. Thomas*, 2015-Ohio-2148, ¶ 27 (8th Dist.), citing *Justice v. Justice*, 2007-Ohio-5186, ¶ 9 (12th Dist.), citing R.C. 3119.01(C)(11)(a).

{¶ 30} The trial court determined that Father was voluntarily unemployed or underemployed. Mother testified about her knowledge of Father's work history; Father did not present any contradictory testimony or evidence. Contrary to Father's assertion, the court did make a specific finding in its judgment entry that Father had a felony record and had been incarcerated.

{¶ 31} Considering the testimony and findings outlined above, the trial court's finding that Father was voluntarily underemployed and imputing an annual income of $41,602 was not an abuse of discretion. While it is true that the record is silent as to several R.C. 3119.01(C)(17)(a) factors, the statute does not require evidence be presented as to each factor before the court may impute income. *Chapman v. Chapman*, 2007-Ohio-1414, ¶ 12 (10th Dist.). In fact, ""the trial court has no obligation to investigate and develop evidence that the parties have failed to present."" *Yenni v. Yenni*, 2022-Ohio-2867, ¶ 32 (8th Dist.), quoting *In re J.M.G.*, 2013-Ohio-2693, ¶ 26 (8th Dist.), quoting *Strimbu v. Strimbu*, 2011-Ohio-3629, ¶ 17 (11th Dist.), quoting *Maguire v. Maguire*, 2007-Ohio-4531, ¶ 14 (9th Dist.). "Where the parties failed to present evidence in regard to each of the [R.C. 3119.01(C)(17)] factors . . . , it was reasonable for the trial court to consider such

factors immaterial to a determination of the issues." *August v. August*, 2014-Ohio-3986, ¶ 43 (3d Dist.), quoting *Keller v. Keller*, 2005-Ohio-3302, ¶ 17 (9th Dist.).

{¶ 32} Thus, because Father failed to appear at the hearing and declined to provide the court with any documents relative to his income, the trial court did not abuse its discretion by imputing an income of $41,602 to Father.

{¶ 33} In addition, the court ordered an upward deviation based upon speech therapy needs for K.F. that are not covered by insurance. R.C. 3119.22 permits a court to

> order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, . . . if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule . . . would be unjust or inappropriate and would not be in the best interest of the child.

"'Any court-ordered deviation from the applicable worksheet and the basic child support schedule must be entered by the court in its journal and must include findings of fact to support such determination.'" *In re N.P.*, 2014-Ohio-4087, ¶ 15, quoting *Marker v. Grimm*, 65 Ohio St.3d 139 (1992), paragraph three of the syllabus.

{¶ 34} The court in this matter considered R.C. 3119.23 and ordered an upward deviation based upon the "special and unusual needs of the child, including needs arising from the physical or psychological needs of the child." If Father disputed the additional costs for speech therapy, he would have had the opportunity to refute Mother's testimony and present his own evidence at the hearing. But

Father did not appear at the hearing and did not present any evidence contradicting these expenses. While the court was able to consider Father's counsel's cross-examination of Mother regarding the daycare and speech-therapy expenses, the court was still left with only evidence presented by Mother when rendering its decision. Mother's testimony supported the upward deviation based upon K.F.'s special speech-therapy needs.

{¶ 35} Having thoroughly reviewed the record, we cannot find that the trial court abused its discretion in ordering an upward deviation in the amount of child support.

{¶ 36} Father's third assignment of error is overruled.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR