[Cite as *Duncan v. Duncan*, 2024-Ohio-3086.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

JACOB KENDRICK DUNCAN,

Plaintiff-Appellee,

v.

REBECCA HAN DUNCAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0052**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division, of
Columbiana County, Ohio
Case No. 2020 DR 499

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Christopher A. Maruca*, for Plaintiff-Appellee and

*Atty. Brian J. Macala*, for Defendant-Appellant.

Dated:  August 14, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Rebecca Han Duncan (Mother), appeals from a Columbiana County Common Pleas Court, Domestic Relations Division, judgment dismissing her objections to a magistrate's decision due to her failure to request a transcript by a court-imposed deadline. Mother filed her objections to the magistrate's decision terminating the shared parenting plan in place between her and Plaintiff-Appellee, Jacob Kendrick Duncan (Father), naming Father as the residential parent, and setting Mother's visitation schedule. Because the trial court abused its discretion in dismissing Mother's objections, the court's judgment is reversed and the matter is remanded.

{¶2} The parties to this case were divorced in Virginia in 2019. They share one minor child (d.o.b. 10/8/15). This case began in Columbiana County in December 2020, when Father filed a motion to domesticate a foreign judgment for the parties' divorce decree issued in Virginia. At this time, both parties were now living in Ohio. The trial court approved the divorce decree without objection. Included in the divorce decree was the shared parenting agreement for the parties' then five-year-old son. At this time, Father also filed a motion to terminate shared parenting and name him as the residential parent. This motion was ultimately resolved by the parties' joint agreement in August 2021, to continue shared parenting on a week-on/week-off schedule.

{¶3} On January 3, 2023, Father filed a motion to terminate the shared parenting plan and requested ex parte emergency relief. He filed the motion after the child informed him that on New Year's Eve the police responded to Mother's house, which she shared with her boyfriend, her other children, and her boyfriend's children. Apparently, there is a history of domestic violence between Mother and her boyfriend. The trial court granted emergency custody to Father. The magistrate appointed a guardian ad litem and set the matter for trial. While awaiting trial, Mother had visitation with the child every other Saturday and Sunday and one evening during the week.

{¶4} The case proceeded to a hearing before the magistrate on September 19, 2023. The magistrate heard testimony from both parties and the guardian ad litem. The magistrate then issued a decision analyzing the statutory best interest factors and concluding it was in the child's best interest to terminate the shared parenting plan and

name Father as the residential parent. The magistrate ordered that Mother was to continue to have visitation with the child every other Saturday and Sunday and one evening during the week. The magistrate's decision was filed September 22, 2023.

{¶5} On October 6, 2023, Mother timely filed general objections to the magistrate's decision. She asserted the decision was not supported by the evidence or the statutory best interest factors. Mother stated that she would provide "a more definite memorandum in support" of her objections upon the preparation of the transcript.

{¶6} On October 11, 2023, the trial court issued a judgment entry instructing Mother's counsel they had until October 20, 2023 to contact the court reporter to make the necessary arrangements for the preparation of the transcript.

{¶7} On October 23, 2023, the trial court put on a judgment entry stating that Mother had not yet contacted the court reporter to make arrangements for the preparation of the transcript. Thus, the court dismissed Mother's objections.

{¶8} On October 25, 2023, Mother filed a motion to reinstate her objections. In the motion, Mother's counsel acknowledged that he failed to make arrangements with the court reporter in the time frame instructed by the trial court. Counsel stated that when he became aware of the judgment dismissing the objections, he contacted the court reporter on October 25, 2023.

{¶9} The trial court denied the motion to reinstate the objections. It pointed out that no arrangement for the preparation of transcripts was made within the court's deadline and that Mother did not file her motion to reinstate the objections until five days after the deadline had passed.

{¶10} Mother filed a timely notice of appeal on November 22, 2023. She now raises a single assignment of error for this Court's review.

{¶11} Mother's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE MOTHER'S OBJECTIONS TO THE MAGISTRATE'S DECISION NOT ON THE MERITS OF THOSE OBJECTIONS BUT ON TECHNICAL GROUNDS.

Case No. 23 CO 0052

**{¶12}** Mother argues the trial court abused its discretion in dismissing her objections based on a five-day delay in contacting the court reporter to arrange for preparation of the transcript. She argues this sanction was too harsh and contends the trial court should consider her objections based on their merits. Mother asserts there is no indication that the inadvertent five-day delay caused any prejudice to Father or the trial court. She notes this short delay was not attributable to bad faith or a willful disregard of the court's order. And as soon as her counsel realized the error, he immediately contacted the court reporter and acted to correct the mistake.

**{¶13}** Trial courts have the inherent authority to manage their own proceedings and control their dockets. *State ex rel. Nat. City Bank v. Maloney*, 2003-Ohio-7010, ¶ 5 (7th Dist.), citing *Rudolph v. Ohio Dept. of Human Serv.*, 2001-Ohio-2459 (4th Dist.), citing *State v. Lyons*, 2000 WL 897205 (8th Dist. July 6, 2000); *Pheils v. Palmer*, 1999 WL 739696 (6th Dist. Mar. 19, 1999); *Musson v. Musson*, 1998 WL 305359 (3d Dist. June 10, 1998). Thus, we review a trial court's exercise of this authority for an abuse of discretion. *Holsopple v. Holsopple*, 2020-Ohio-1210, ¶ 18 (9th Dist.). Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶14}** We must determine then, whether the trial court's decision to dismiss Mother's objections for not contacting the court reporter until five days after the court-imposed deadline was unreasonable, arbitrary, or unconscionable.

**{¶15}** In the motion to reinstate the objections, Mother's counsel took responsibility for the late contact: "Defendant states that the failure to timely contact the Court Reporter is strictly due to the excusable inadvertence of undersigned counsel as a consequence of the press of public and private business before this and several other Courts." Counsel filed this motion on October 25, 2023, as soon as he became aware that he missed the October 20 deadline. Thus, counsel acted quickly and filed the motion just five days late.

**{¶16}** Moreover, there is no indication that the late request prejudiced either Father or the trial court in any way. Father had already filed a response to Mother's general objections. And he requested leave to supplement his response once the transcript was prepared and he was able to review it.

{¶17} It is well-settled in Ohio that cases should be decided on their merits whenever possible. *Fernwalt v. Our Lady of Kilgore*, 2017-Ohio-1260, ¶ 40 (7th Dist.). Especially in a case where a child's custody is at issue, every effort should be made to ensure the matter is determined based on the best interest of the child as opposed to being determined based on a procedural matter. *See Jackson v. Jackson*, 1988 WL 142105 (10th Dist. Dec. 27. 1988), ("the change of custody of a young child is an issue of such importance that any reasonable doubt should be resolved in favor of the motion to set aside the judgment so that change in custody cases may be decided on their merits and will full representation of both parties.")

{¶18} "[C]ustody issues are some of the most difficult and agonizing decisions a trial judge must make." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). When possible then, a court should undertake a review of the merits. Under the circumstances of this case, the trial court acted unreasonably in dismissing Mother's objections based on counsel's five-day tardiness in requesting the transcript.

{¶19} Accordingly, Mother's sole assignment of error has merit and is sustained.

{¶20} For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded with instructions to reinstate Mother's objections.

Waite, J., concurs.

Robb, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations Division, of Columbiana County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**