[Cite as *Massacci v. Sloan-Massacci*, 2025-Ohio-2825.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

MICHAEL V. MASSACCI,

Plaintiff-Appellee,

v.

REBECCA SLOAN-MASSACCI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0004**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio
Case No. 2022 DR 00343

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

Michael V. Massacci, Plaintiff-Appellee, No Appellate Counsel of Record, No Brief Filed
and

*Atty. Charles A.J. Strader*, for Defendant-Appellant.

Dated:  August 8, 2025

**DICKEY, J.**

{¶1}   Defendant-Appellant, Rebecca Sloan-Massacci, appeals the December 18, 2024 judgment entry of the Mahoning County Court of Common Pleas, Domestic Relations Division, granting a divorce to Plaintiff-Appellee, Michael V. Massacci ("December 18th judgment entry").  No appellate brief was filed on behalf of Appellee.

{¶2}   The only disputed issue before the domestic relations court was the grounds for divorce, as all other matters were the subject of a lengthy stipulation between the parties.  The alleged grounds for divorce, that husband and wife lived separate and apart for one year without cohabitation, *see* R.C. 3105.01(J), was in dispute, not because the parties did not meet the criteria, but because Appellant "[does not] believe in divorce." (2/8/24 Hrg., p. 35.)  As a consequence, Appellee was required to offer evidence to establish grounds for divorce at the final hearing before the magistrate.

{¶3}   At the final hearing conducted on February 8, 2024, Appellant was sworn for the limited purposes of waiving her right to attend the hearing, expressing her fundamental objection to divorce, and expressing satisfaction with the representation provided by her counsel.  Appellant was excused from the hearing after completing her testimony.

{¶4}   To establish the grounds for divorce, Appellee relied solely on his own testimony that he had resided in an apartment for the past two years.  On cross-examination, Appellee conceded he did not have a copy of his lease agreement to offer into evidence, his driver's license still listed the marital residence as his home address, and several bills in his name were still mailed to the marital residence.

{¶5}   Civil Rule 75(M) prohibits a domestic relations court from granting a divorce based solely on the testimony of one party.  The civil rule requires the testimony must be supported by "other credible evidence."

{¶6}   In the magistrate's decision, he relied on two of Appellant's sworn pleadings in the record to support Appellee's hearing testimony.   The magistrate cited Appellant's parenting proceeding affidavit, in which she attested the children resided at the marital residence with both parties from "2016 to February 2022," and exclusively with Appellant at the marital residence from "February 2022 to the present." The magistrate also cited

Case No. 25 MA 0004

Appellant's affidavit of income and expenses, in which she averred the parties separated in February of 2022.

**{¶7}** Appellant filed objections to the magistrate's decision, in which she argued the domestic relations court was prohibited from considering any evidence other than the evidence offered at the final hearing to establish the grounds for divorce. Appellant relied on the denial in her amended answer that the parties had been living separate and apart for over a year.

**{¶8}** In a judgment entry filed on June 13, 2024, the domestic relations court concluded Appellant's sworn averments in the parenting and financial affidavits and her unsworn denial in the amended answer were in conflict. The domestic relations court overruled Appellant's objections, but remanded the matter to the magistrate for additional fact-finding pursuant to Civil Rule 53(D)(4)(b), with respect to the grounds for divorce and to clarify and/or correct the stipulation regarding spousal support.

**{¶9}** At the supplemental hearing before the magistrate, Appellee offered a copy of his lease agreement and the testimony of his girlfriend, who was also his co-worker for the past five years. She corroborated Appellee's testimony that he and Appellant had lived separate and apart for over two years. Appellant did not attend the supplemental hearing.

**{¶10}** Based on the foregoing testimony and evidence, the magistrate concluded once again that Appellee had established grounds for divorce. After considering objections filed by Appellant, the domestic relations court issued a judgment entry on December 18th granting the divorce. Significantly, in the December 18th judgment entry, the domestic relations court opined that sufficient evidence establishing the grounds for divorce was offered at *both* of the hearings before the magistrate.

**{¶11}** Appellant advances six assignments of error, each predicated upon procedural errors allegedly committed by the domestic relations court following the original hearing before the magistrate. Appellant argues the domestic relations court should have dismissed the amended complaint for divorce several times due to Appellee's failure to fulfill his evidentiary burden at the original hearing and his failure to meet court deadlines relating to the filing of the written stipulations. She further argues the domestic relations court was without authority to remand the matter to the magistrate

for additional fact-finding, and the evidence offered at the supplemental hearing should not have been admitted without proof that the new evidence was unavailable at the original hearing. Finally, Appellant argues the domestic relations court improperly shifted the burden of proof to Appellant in the December 18th judgment entry, when the domestic relations court noted Appellant did not testify at the supplemental hearing before the magistrate and therefore the evidence offered by Appellee was undisputed.

{¶12} Having considered the arguments advanced by Appellant, we find the domestic relations court properly concluded there was sufficient evidence to establish the grounds for divorce at both the original and supplemental hearings. We further find the domestic relations court did not violate the civil rules when it remanded the matter to the magistrate for additional fact-finding and considered the new evidence offered at the supplemental hearing, and did not shift the burden of proof in the December 18th judgment entry. Accordingly, the December 18th judgment entry granting the divorce is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶13} The parties were married on February 8, 2008 and twin daughters were born preceding the marriage (d.o.b. 08/05/2007). The parties accumulated marital real and personal property during the marriage.

{¶14} On August 8, 2022, Appellee filed a complaint for divorce. Appellant filed her answer on February 27, 2023, in which she asserted general denials to all of the allegations in the complaint. At a pre-trial conference conducted on March 8, 2023, Appellant denied the alleged grounds for the divorce, including incompatibility, and Appellee was granted leave to file an amended complaint.

{¶15} In the amended complaint filed March 10, 2023, Appellee alleged the parties had been living separate and apart for a period of one year or more. Appellant filed an answer to the amended complaint on March 24, 2023, "vehemently" denying the grounds for divorce.

{¶16} The final hearing was held on February 8, 2024. The parties entered stipulations regarding all but one of the material issues, that is, the grounds for divorce. Written stipulations memorializing the oral stipulations read into the record that day were

to be filed by Appellee's counsel following the completion of a transcription of the February 8, 2024 hearing. After the stipulations were read into the record, and Appellant waived her right to attend the hearing, stated her moral objection to divorce, and expressed satisfaction with her counsel, Appellant was excused and the final hearing proceeded solely with respect to the grounds for divorce.

{¶17} Appellee testified he resided in an apartment, which he began renting in February of 2022. Appellee further testified he never spent another night in the marital residence. On cross-examination, Appellee conceded that he did not have the lease agreement to offer into evidence, and as of the date of the hearing, his driver's license listed the marital residence as his home address, and several bills in his name were sent to the marital address.

{¶18} On February 12, 2024, Appellant filed a motion to dismiss the amended complaint based on Appellee's failure to fulfill his evidentiary burden set forth in Civil Rule 75(M) at the final hearing and his failure to prosecute. On March 14, 2024, the domestic relations court issued an order cautioning Appellee that the written stipulations, which were originally due on February 23, 2024, must be submitted by March 21, 2024, otherwise the complaint for divorce and amended complaint for divorce would be dismissed without prejudice.

{¶19} At a status hearing on March 26, 2024, counsel for Appellee represented the written stipulations were completed several weeks earlier, but Appellant refused to sign them. On March 26, 2024, Appellee filed a motion to adopt the stipulations with transcript but certain relevant exhibits were not included. On April 9, 2024, Appellee filed an amended motion to adopt stipulations with transcript including the relevant exhibits.

{¶20} On April 10, 2024, Appellant filed a motion to strike the written stipulations and a renewed motion to dismiss citing once again Appellee's failure to meet requirements of Civil Rule 75(M) and failure to prosecute. On April 11, 2024, Appellee filed a motion for sanctions alleging his failure to timely file the written stipulations was due to the dilatory conduct of Appellant.

{¶21} On April 19, 2024, the magistrate's original decision was issued granting the divorce. Appellant filed objections to the magistrate's decision on May 3, 2024, in which she argued the domestic relations court was prohibited from considering any

evidence other than the evidence offered at the final hearing to establish the grounds for divorce. Appellant relied on the denial in her amended answer that the parties had been living separate and apart for more than one year. A hearing on the objections was held on May 29, 2024.

**{¶22}** In a judgment entry filed on June 13, 2024, the domestic relations court concluded Appellant's sworn averments in the parenting and financial affidavits and her unsworn denial in the amended answer were in conflict. Although the domestic relations court overruled Appellant's objections, the court remanded the matter to the magistrate for additional fact-finding pursuant to Civil Rule 53(D)(4)(b), with respect to the grounds for divorce and to clarify the stipulations regarding child support.

**{¶23}** Civil Rule 53(D), captioned "Magistrates," reads in relevant part:

(4) Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.

. . .

(b) Action on magistrate's decision. Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.

**{¶24}** Appellant filed a notice of appeal of the June 13, 2024 judgment entry. However, we dismissed the appeal due to the lack of a final appealable order.

**{¶25}** On September 4, 2024, a supplemental hearing was conducted by the magistrate, where Appellee was permitted to offer additional evidence over the objection of Appellant. Appellee offered a lease agreement into evidence establishing his tenancy at the apartment since February of 2022. Appellee also offered the testimony of his girlfriend, Sarah Dees, who testified she had been in a relationship with Appellee since April of 2021, and that he had not resided with Appellant since February of 2022.

**{¶26}** On October 1, 2024, the magistrate issued a decision granting the divorce based on the uncontroverted evidence that the parties had been living separate and apart for a period of one year or more. The magistrate further concluded any delay in filing

written stipulations was the result of Appellant's refusal to execute the written stipulations. As a consequence, the magistrate adopted the stipulations, with certain modifications described in the magistrate's decision.

**{¶27}** On October 15, 2024, Appellant filed timely objections arguing the domestic relations court did not have the authority to remand the matter to the magistrate to hear additional evidence according to Civil Rule 53. She further argued the magistrate exceeded his authority under the remand order by considering new evidence despite its availability at the original hearing, and modifying certain stipulations that did not relate to spousal support.

**{¶28}** On November 20, 2024, at the hearing on the objections, Appellant argued the domestic relations court's interlocutory order remanding the matter to the magistrate for a supplemental hearing was improper. Next, she argued the magistrate was prohibited from considering new evidence because there was no testimony to show the new evidence was unavailable at the original hearing. Finally, she argued the magistrate exceeded his authority under the remand order because he modified certain stipulations in addition to the stipulation regarding spousal support.

**{¶29}** Civil Rule 53(D), captioned "Magistrates," reads in relevant part:

> (4) Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.
>
> . . .
>
> (d) Action on objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. *Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.*

(Emphasis added.)

Case No. 25 MA 0004

**{¶30}** On December 18, 2024, a judgment entry was issued granting the divorce. The December 18th judgment entry reads in relevant part:

> At the remand hearing, [Appellee] testified he moved out of the marital residence and started residing at his current residence of 27 Carter Circle, Unit 1, Boardman, Ohio, on February 11, 2022. [Appellee] submitted his current lease agreement with Valley Property Management. He testified he did not cohabitate with [Appellant] since that time. [Appellee's] girlfriend, Sarah Dees, testified that she and [Appellee] have been romantically involved since April 2021. She testified she sees [Appellee] on a daily basis, and she was aware of [Appellee] moving out of the marital residence in February 2022. Sarah confirmed [Appellee] had not cohabitated with [Appellant] since vacating the marital residence.
>
> [Appellant] did not attend the remand hearing to present any contrary evidence or to clear up any inconsistencies between her answer or affidavits. [Appellant's] affidavit of basic income, information, and expenses filed on March 8, 2023, lists the parties' date of separation as February 2022. [Appellant's] parenting proceeding affidavit filed March 8, 2023, set forth that the children resided with both parties at 183 Forest Garden Drive, Boardman, Ohio 44512, from 2016 to February of 2022, and then with only her at the same address from February 2022 to the present. The affidavits were personally signed by [Appellant], and her signature was notarized.
>
> The court finds sufficient evidence was presented *at both the February 8, 2024, and September 4, 2024, trial [sic]* to conclude that [Appellee] is entitled to a divorce from [Appellant] on the ground that the parties have, without interruption for one year, lived separate and apart without cohabitation pursuant to R.C. 3105.01(J).

(Emphasis added) (12/18/24 J.E., p. 3-4.)

**{¶31}** With respect to Appellant's argument regarding the availability of the new evidence at the original hearing, the domestic relations court reasoned the legislature's use of the permissive term "may" rather than the mandatory term "shall" rendered the application of subsection (d) in this case discretionary with the domestic relations court. With respect to Appellant's argument regarding the stipulations, the domestic relations court opined that any error was harmless as Appellant benefited from the magistrate's modifications to the stipulations.

**{¶32}** On January 16, 2025, Appellant filed this timely appeal.

## ANALYSIS

**{¶33}** Appellant's assignments of error are grouped together for clarity of analysis and judicial economy.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANT/APPELLANT'S RENEWED MOTION TO DISMISS FILED FEBRUARY 12, 2024 ALLEGING FAILURE OF PLAINTIFF/APPELLEE TO MEET HIS BURDEN OF PROOF.**

### ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED WHEN IT TOOK JUDICIAL NOTICE OF DEFENDANT/APPELLANT'S AFFIDAVITS AS CORROBORATING EVIDENCE FOR GROUNDS OF PLAINTIFF/APPELLEE'S REQUEST FOR DIVORCE.**

**{¶34}** In her first and third assignments of error, Appellant contends the domestic relations court erred when it overruled her motion to dismiss the amended complaint for divorce after the February 8, 2024 hearing. The assignments of error challenge the sufficiency of the evidence offered at the February 8, 2024 hearing. Appellant contends the amended complaint should have been dismissed due to Appellee's failure to fulfill the evidentiary requirement set forth in Civil Rule 75(M) at the hearing.

**{¶35}** Appellant raised this issue in her objections to the original magistrate's decision. The domestic relations court overruled her objections, but remanded the matter for additional fact-finding by the magistrate, rather than dismissing the amended complaint. In the December 18th judgment entry, the domestic relations court overruled the motion to dismiss as moot based on the additional facts adduced at the supplemental hearing, but also opined that sufficient evidence of the grounds for divorce were offered at both the hearings.

**{¶36}** R.C. 3105.10(A) provides, in relevant part, "[t]he court of common pleas shall hear any of the causes for divorce or annulment charged in the complaint and may, upon proof to the satisfaction of the court, pronounce the marriage contract dissolved and both of the parties released from their obligations." "A trial court has broad discretion in determining the proper grounds for divorce, and a reviewing court will not reverse that determination absent an abuse of discretion." *Moore v. Moore*, 2025-Ohio-88, ¶ 78 (7th Dist.) An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶37}** Civil Rule 75(M) reads in its entirety:

> Testimony: Judgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence. No admission shall be received that the court has reason to believe was obtained by fraud, connivance, coercion, or other improper means. The parties, notwithstanding their marital relations, shall be competent to testify in the proceeding to the same extent as other witnesses.

**{¶38}** A domestic relations court "may grant a divorce after the party's evidence of grounds for divorce is corroborated by another witness or other independent evidence." *Yenni v. Yenni*, 2022-Ohio-2867, ¶ 18 (8th Dist.), citing *Condit v. Condit*, 2010-Ohio-5202, ¶ 16 (1st Dist.). The Eighth District has observed:

The [c]orroborating evidence must pertain to material elements essential to the proof of the ground for divorce set out in the complaint, but it is not required for each and every material fact. The evidence "must merely substantiate the testimony of a party, but need not support it in every detail." It may be oral, documentary, or both, and a court may consider the evidence and admissions of the other party and find that they are corroborative of the first party's testimony.

*Yenni* at ¶ 18, quoting *Condit* at ¶ 17.

**{¶39}** The Tenth District has held a trial court may take judicial notice of the case file and the affidavits submitted to prepare the final order in an action for divorce. *Hadinger v. Hadinger*, 2016-Ohio-821, ¶ 35 (10th Dist.), citing *Brubaker v. Ross*, 2001 WL 379883 (10th Dist. Apr. 17, 2001) ("[A] court may only take judicial notice of the proceedings in the immediate case."). In *Hadinger*, the Tenth District found the domestic relations court did not abuse its discretion when it relied on a figure in the appellee's child support worksheet, submitted with her affidavit in support of temporary orders, to calculate the amount for health insurance owed by the appellant in the final decree.

**{¶40}** The *Hadinger* Court opined:

Appellant first contends that the trial court failed to accurately calculate the amount of health insurance to be paid. Neither party testified at trial regarding the cost of health insurance. Appellant cites appellee's Affidavit in Support of Temporary Orders dated April 4, 2013, for a calculation of appellee's health insurance. On this affidavit, appellee set forth her cost for an employee plus two dependents as $275.46, semimonthly. The cost for coverage for an employee only is $67.50 semi-monthly. Thus, appellant subtracted the annual employee only cost from the annual employee plus two dependents for a total of $4,991 per year for the cost of health insurance for the minor children.

However, the trial court used the figure on appellee's child support worksheet submitted with her Affidavit in Support of Temporary Orders

dated April 4, 2013, which provides that the annual health insurance expense is $5,660 ($5,559.44 rounded). The trial court may take judicial notice of the case file and the affidavits submitted to prepare the final order. *Brubaker v. Ross*, 10th Dist. No. 00AP–1159, (Apr. 17, 2001) ("[A] court may only take judicial notice of the proceedings in the immediate case."). We cannot say the trial court abused its discretion in using the number submitted by appellee.

*Id.* at ¶ 34-35.

**{¶41}** In *Hadinger*, there was no evidence offered at the hearing regarding the cost of health insurance. Here, Appellee testified at the original hearing that he and Appellant had lived separate and apart for two years. In two sworn affidavits, Appellant conceded Appellee did not reside in the marital residence since February of 2022. Although Appellant does not attest to the fact that Appellee did not spend a single evening in the marital residence since that date, the information provided in her sworn affidavits pertains to the material element of the proof of the grounds for divorce set out in the amended complaint.

**{¶42}** Insofar as the evidence in the sworn affidavits supported Appellee's testimony at the original hearing, we find the domestic relations court did not err in refusing to dismiss the amended complaint following the original hearing. We further find the domestic relations court did not err in the December 18th judgment entry when it predicated its conclusion that Appellee had established grounds for divorce on his testimony at the original hearing and the sworn affidavits. Accordingly, we find Appellant's first and third assignments of error have no merit.

### ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED WHEN IT DID NOT GRANT DEFENDANT/APPELLANT'S MOTION TO STRIKE AND RENEWED MOTION TO DISMISS ON APRIL 10, 2024 ALLEGING FAILURE OF PLAINTIFF/APPELLEE FAILED [SIC] TO PROSECUTE, WHEN**

Case No. 25 MA 0004

**PLAINTIFF/APPELLEE FAILED TO FILE STIPULATIONS BY SEVERAL COURT IMPOSED DEADLINES.**

**{¶43}** Next, Appellant argues the domestic relations court abused its discretion when it failed to dismiss the amended complaint due to Appellee's failure to comply with court-imposed deadlines regarding the filing of the written stipulations. Trial courts have the inherent authority to manage their own proceedings and control their dockets. *Duncan v. Duncan*, 2024-Ohio-3086, ¶ 13 (7th Dist.). Therefore, we review the domestic relations court's exercise of this authority for an abuse of discretion. *Id*.

**{¶44}** In the December 18th judgment entry, the domestic relations court found it would be inequitable to grant Appellant's motion to strike/motion to dismiss based on Appellee's failure to timely file the written stipulations, given the binding nature of the oral stipulations read into the record and Appellant's refusal to sign the written stipulations. (12/18/24 J.E., ¶ 75-80). We find the domestic relations court did not abuse its discretion when it determined Appellant was responsible for the untimely pleading. Accordingly, we find Appellant's second assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 4

**THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT/APPELLANT'S OBJECTIONS BUT REMANDED THE MATTER FOR FURTHER HEARING ON GROUNDS FOR DIVORCE.**

## ASSIGNMENT OF ERROR NO. 5

**THE TRIAL COURT ERRED WHEN IT PERMITTED PLAINTIFF/APPELLEE TO TESTIFY AND SUBMIT ADDITIONAL EVIDENCE TO BE CONSIDERED FOR GROUNDS IN SUPPORT OF HIS COMPLAINT AND AMENDED COMPLAINT FOR DIVORCE.**

**{¶45}** It is important to note Appellant does not contend there was insufficient evidence offered to support the grounds for divorce at the supplemental hearing. Appellant's fourth and fifth assignments of error are predicated solely on alleged

Case No. 25 MA 0004

procedural violations of the civil rules, rather than a substantive challenge to the weight of the evidence.

**{¶46}** In Appellant's fourth assignment of error, she contends the domestic relations court acted without authority when it remanded this matter to the magistrate for additional fact-finding in violation of Civil Rule 53(D)(4)(b) and (d). Appellant cites no case law in support of her argument that the domestic relations court was without authority to remand the matter to the magistrate for additional fact-finding.

**{¶47}** Civil Rule 53(D)(4)(b) authorizes the domestic relations court to "hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." The discretionary authority provided to the domestic relations court by the civil rule, coupled with the open-ended phrase "return a matter to a magistrate," supports the interpretation that the domestic relations court acted within its discretion when it remanded the matter for additional fact-finding by the magistrate.

**{¶48}** In her fifth assignment of error, Appellant cites our decision in *Pierce v. Pierce*, 2006-Ohio-4953 (7th Dist.) for the proposition that the domestic relations court was without authority to consider the lease agreement and testimony of Sarah Dees, as there is no evidence in the record to show they were not available at the original hearing.

**{¶49}** The relevant subsection reads in its entirety:

> (d) Action on Objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court *may* hear additional evidence but *may* refuse to do so *unless* the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

(Emphasis added.) Civil Rule 53(D)(4)(d).

**{¶50}** In *Pierce,* we wrote:

Case No. 25 MA 0004

Civ.R. 53(E)(4)(b) gives a trial court broad discretion when deciding whether to hear additional evidence, but "a plain reading of the second sentence of Civ.R. 53(E)(4)(b) limits this discretion and requires acceptance of the new evidence if the objecting party demonstrates with reasonable diligence that it could not have produced the new evidence for the magistrate's consideration." *Johnson-Wooldridge v. Wooldridge* (July 26, 2001), 10th Dist. No. 00AP–1073, at 2, 2001 WL 838986. The question in this case is whether the trial court had to admit the evidence because it could not have been produced with reasonable diligence or whether the decision to admit this evidence falls within the trial court's broad discretion.

When determining whether a party has exercised reasonable diligence under Civ.R. 53(E)(4)(b), the Tenth District Court of Appeals has said that the crux of this analysis is whether the party was put on notice that they would be reasonably expected to introduce this evidence at the hearing before the magistrate. *Id.* If a party had notice that they would be reasonably expected to introduce evidence on a subject, then the trial court had the discretion to accept or reject that evidence. *Id.*

*Id.* at ¶ 14-15.

**{¶51}** Appellant argues the inverse is true, the domestic relations court was prohibited from considering new evidence in the absence of proof of prior unavailability. *Pierce* holds that a trial court *must* consider new evidence where the party seeking introduction of the new evidence meets his or her burden to show the evidence was previously unavailable. However, *Pierce* does not hold that a party must meet the burden in order for any new evidence to be considered. Such a reading removes all discretion from the trial court.

**{¶52}** Based on the permissive language in Civil Rule 53(D)(4)(b), we find the admission of new evidence is discretionary with the domestic relations court, in the absence of evidence that the new testimonial or documentary evidence was unavailable at the original hearing. In other words, admission of new evidence is only mandatory

where the party offering it has established its prior unavailability, and is otherwise subject to the domestic relations court's discretion. Therefore, we find the domestic relations court acted within its discretion when it considered the additional evidence offered at the supplemental hearing.

{¶53} Finally, assuming arguendo the domestic relations court was without authority to remand the matter or consider the new evidence, Appellant cannot demonstrate she suffered any prejudice as a result of the supplemental hearing. Appellant suffered no prejudice based on our conclusion that there was sufficient evidence to establish the grounds for divorce at both hearings.

{¶54} In summary, we find the domestic relations court acted within its discretion provided by Civil Rule 53(D)(4)(b) when it remanded the matter to the magistrate for further fact-finding. We reach the same conclusion with respect to the domestic relations court's consideration of the new evidence offered at the supplemental hearing. Accordingly, we find Appellant's fourth and fifth assignments of error have no merit.

## ASSIGNMENT OF ERROR NO. 6

**THE TRIAL COURT ERRED WHEN IT PLACED THE BURDEN OF PROOF ON DEFENDANT/APPELLANT TO DEFEND THE MATTER, RATHER THAN PLACING THE BURDEN ON THE MOVING PARTY, THE PLAINTIFF/APPELLEE AS PRESCRIBED BY CIVIL RULE AND LAW.**

{¶55} In her sixth assignment of error, Appellant contends the domestic relations court's observation that Appellant did not attend the supplemental hearing and offered no evidence to contravene the evidence offered by Appellee to establish the ground for divorce shifted the burden of proof to Appellant. Appellant cites no case law in support of this argument.

{¶56} To the contrary, the domestic relations court found Appellee had satisfied his burden of proof regarding the ground for divorce, having offered uncontroverted evidence that the parties had lived separate and apart for more than a year. The domestic relations court's observation regarding Appellant's failure to appear at the hearing merely

underscored its conclusion that Appellee's evidence was uncontroverted. Accordingly, we find Appellant's sixth assignment of error has no merit.

## CONCLUSION

{¶57} For the foregoing reasons, the December 18th judgment entry of the domestic relations court granting the divorce is affirmed.


Waite, J., concurs.

Robb, P.J., concurs.

[Cite as *Massacci v. Sloan-Massacci*, 2025-Ohio-2825.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**